THE STATE OF OHIO, APPELLANT, *v.*
CONOVER, APPELLEE.

(No. 2074—Decided July 10, 1985.)

*Ronald L. Rehm,* assistant prosecuting attorney, for appellant.

*Thomas T. Flynn,* for appellee.

GEORGE, P.J. The state appeals the order of the trial court suppressing the results of a blood test in a prosecution for driving while under the influence of alcohol. This court reverses that judgment.

On November 10, 1984, at approximately 4:20 a.m., defendant Bart J. Conover was involved in a single vehicle accident. This occurred when his car travelled left of center, ran off the road, and struck a culvert. Conover went to a hospital for treatment.

Two state troopers, Dean Ott and Tom Uhler, subsequently arrived at the scene of the accident. After conducting an investigation of the area, they went to the hospital and questioned Conover. The troopers detected the odor of alcohol, and noticed Conover's eyes were bloodshot and glassy. Conover admitted he was driving the vehicle and told them he had consumed two alcoholic drinks.

Conover was arrested for driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1); and operating a vehicle without reasonable control, in violation of R.C. 4511.202. While at the hospital, a blood sample was taken, resulting in a reading of 0.12

percent blood alcohol concentration. He was subsequently charged with driving with a prohibited blood alcohol concentration, in violation of R.C. 4511.19 (A)(2).

Conover moved to suppress the results of the blood test, arguing that the troopers lacked probable cause to arrest him. After holding a hearing, the trial court granted this motion. The state appeals, raising the following assignments of error:

"I. Whether the trial court erred, as a matter of law, when it found the facts in this case insufficient to establish probable cause, on the sole authority and application of State v. Taylor, 3 Ohio App. 3d 197 (C.A., Hamilton County, 1981).

"II. Whether the trial court erred when, after finding no probable cause to arrest, it further suppressed otherwise reliable, probative, and admissible evidence of defendant's blood alcohol content."

"Probable cause" has been defined as follows:

"* * * The existence of probable cause is determined by factual and practical considerations of everyday life on which reasonable and prudent men act. Draper v. United States (1959), 358 U.S. 307. In examining these factual and practical considerations the focus is on whether, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed an offense. Beck v. Ohio (1964), 379 U.S. 39 [31 O.O.2d 80]." State v. Giner (Mar. 28, 1984), Summit App. No. 11385, unreported.

The existence of probable cause is a factual question to be determined by the trial court. On appeal, its findings will be reviewed to determine if the law was correctly applied to the facts. State v. Bernard (Jan. 24, 1985), Wayne App. No. 2009, unreported.

In this case, the findings of the trial court, set forth pursuant to Crim. R. 12(E), were as follows: Conover was involved in an unobserved car accident and admitted drinking two beers. At the hospital, Conover smelled of alcohol and his eyes were glassy. Further, the trial court apparently accepted Trooper Uhler's testimony that Uhler believed Conover was intoxicated. However, relying on State v. Taylor (1981), 3 Ohio App. 3d 197, the trial court found that this evidence, as a matter of law, was insufficient to establish probable cause. For the following reasons, this court finds that the trial court misapplied Taylor and thus erred in suppressing the test.

In Taylor, the defendant was travelling slightly above the speed limit. An officer pulled him over and detected an odor of alcohol. He was arrested for driving while under the influence of alcohol and he was administered breathalyzer and urine tests. The trial court suppressed the tests. The court of appeals upheld this decision, stating on page 198:

"* * * If we were able to find anything in this record which would have indicated the existence of some reasonable indicia of operation under the influence of alcohol, we would not hesitate to reverse the trial court's decision in suppressing the tests. However, we do not find this to be the case. The mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as 'pervasive' or 'strong,' may be indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony. For better or worse, the law prohibits drunken driving, not driving after a drink.

"Nor would we consider an uncomplicated speed violation, only nominally in excess of the prima facie limit, without any weaving, improper lane changing, or other indication of impaired control of the vehicle, cor-

*roborative evidence of intoxication.
* * *"* (Emphasis added in part.)

Thus, *Taylor* stands for the proposition that evidence that the defendant was driving slightly above the speed limit, coupled with the fact that the arresting officer detected the odor of alcohol, did not establish probable cause to arrest the defendant for driving under the influence of alcohol. The instant case is significantly different from *Taylor*. Here, the single vehicle accident suggests erratic driving from which impairment could be inferred. Further, Conover's physical condition and his admission that he consumed two drinks constituted additional corroborative evidence of intoxication.

Thus, in this case, the facts found by the trial court established that the troopers had probable cause to arrest Conover for driving while under the influence of alcohol. See, generally, *State v. Bernard, supra.* Therefore, assignment of error one is well-taken. Assignment of error two is moot.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed
and cause remanded.*

MAHONEY and QUILLIN, JJ., concur.