CITY OF BUCYRUS, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 3-86-17—Decided
February 18, 1988.)

*Stanley Flegm,* prosecuting attorney, and *Lee Oldendick,* for appellee.
*Thomas A. Mathews,* for appellant.

SHAW, J. This is an appeal by defendant-appellant, Gary L. Williams, from a decision of the Municipal Court of Crawford County, overruling his motion to suppress evidence. Subsequent to the ruling on the defendant's motion, the defendant entered a plea of no contest and was found guilty of violating Bucyrus Codified Ordinance 331.01(A)(1), driving while under the influence of alcohol. The defendant's sentence was stayed pending the outcome of this appeal.

On January 17, 1986, at approximately 3:25 p.m., Patrolman Dave Wolf, along with another patrolman, both of the Bucyrus Police Department, responded to a call to investigate an accident. Patrolman Wolf testified that when he arrived at the accident scene, he observed a vehicle lodged on the front porch of a residence. Shortly thereafter, according to Patrolman Wolf, Mr. Predmore, the defendant's father-in-law, emerged from a nearby residence and told Patrolman Wolf that the driver of the stranded vehicle was in his house, and to "* * * go right on in."

Once inside the father-in-law's home, Patrolman Wolf came in contact with Mrs. Williams, the defendant's wife, who was in the process of calling the police department when the patrolman entered. According to Patrolman Wolf, when Mrs. Williams saw him, she told him that "* * * her husband had been in Marion all day drinking and that he was in the kitchen." Patrolman Wolf also testified that Mrs. Williams indicated to him that the defendant was the driver of the vehicle in question. Patrolman Wolf then entered the kitchen and found the defendant, who appeared to be intoxicated. More specifically, Patrolman Wolf testified that the defendant's eyes appeared bloodshot and glassy, and he smelled of alcohol.

Immediately thereafter, Patrolman Wolf instructed the defendant to accompany him out to the accident scene and there placed him under arrest. Although Patrolman Wolf remembered having a conversation with the defendant prior to his arrest, he could recall only that the defendant admitted that he had drunk one beer and that he was tired. Specifically, Patrolman Wolf could not recall the defendant ever admitting prior to his arrest that he was the driver of the vehicle in question.

On these facts, the municipal court held that Patrolman Wolf had probable cause to arrest the defendant. Additionally, the court found the defendant's warrantless arrest to be constitutionally valid, reasoning that although the defendant was removed from a private residence without a warrant, the officer was in the residence by permission of its owner.

The court did rule that the defendant's arrest was in violation of R.C. 2935.03. However, the court refused to grant defendant's motion to suppress on this ground alone, reasoning that the exclusionary rule is not invoked by a mere statutory violation. Consequently, the defendant's motion to suppress evidence was overruled.

The defendant raises the following single assignment of error:

"It is error on the part of the trial court to deny defendant-appellant's motion to suppress when the state fils [*sic*] to establish specific and articulate [*sic*] facts to justify defendant-appellant's arrest and such arrest was in violation of O.R.C. § 2935.03 and the Fourth Amendment of the United States Constitution."

At common law, unless a breach of the peace was committed in the presence of an arresting officer, a warrant was necessary in order to arrest one for a misdemeanor offense. 2 LaFave, Search and Seizure (1987) 396, Section 5.1(b). However, most states have now adopted a broader statutory warrant requirement regarding misdemeanor offenses, usually excluding the common-law "breach of the peace" requirement, while retaining the requirement that the offense be committed in the officer's presence. *Id.*

In Ohio, former R.C. 2935.03(A) provided:

"A sheriff, deputy sheriff, marshal, deputy marshal, police officer, * * * or state university law enforcement officer appointed under section 3345.04 of the Revised Code shall arrest and detain until a warrant can be obtained a person *found violating,* within the limits of the political subdivision, * * * college, or university in which the peace officer is appointed, employed, or elected, a law of this state or an ordinance of a municipal corporation." (Emphasis added.)

The United States Supreme Court has never accorded constitutional force to the common-law restriction that a warrant is necessary for misdemeanor offenses occurring outside an arresting officer's presence. 2 LaFave, Search and Seizure (1987) 403, Section 5.1(b). In *Street* v. *Surdyka* (C.A. 4, 1974), 492 F. 2d 368, the Fourth Circuit reasoned:

"* * * We do not think the fourth amendment should now be interpreted to prohibit warrantless arrests for misdemeanors committed outside an officer's presence. * * * The fourth amendment protects individuals from unfounded arrests by requiring *reasonable grounds* to believe a crime has been committed. The states are free to impose greater restrictions on arrests, *but their citizens do not thereby acquire a greater federal right.*" (Emphasis

added and footnote omitted.) *Id.* at 372.

In *State* v. *Conover* (1985), 23 Ohio App. 3d 161, 162, 23 OBR 403, 404, 492 N.E. 2d 464, 465, quoting *State* v. *Giner* (Mar. 28, 1984), Summit App. No. 11385, unreported, the Ninth District Court of Appeals defined "probable cause" as follows:

" '* * * The existence of probable cause is determined by factual and practical considerations of everyday life on which reasonable and prudent men act. *Draper* v. *United States* (1959), 358 U.S. 307. In examining these factual and practical considerations the focus is on whether, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed an offense. *Beck* v. *Ohio* (1964), 379 U.S. 39 [31 O.O. 2d 80].' "

As noted earlier, when Patrolman Wolf arrived at the accident scene he observed a vehicle lodged on the front porch of a residence. Two people, the defendant's father-in-law and the defendant's wife, indicated to the patrolman that the defendant was the driver of that vehicle. When the patrolman approached the defendant, he observed that the defendant's eyes were bloodshot and glassy, and that he had the odor of alcohol about his person. Moreover, the defendant's wife told the patrolman that the defendant had been drinking all day. Also, prior to his arrest, the defendant admitted to Patrolman Wolf that he had drunk "one beer."

Based upon the foregoing testimony, we conclude that Patrolman Wolf had probable cause to believe that the defendant was driving the vehicle in question while under the influence of alcohol, in contravention of Bucyrus City Ordinance No. 333.01(A)(1). Accordingly, we agree with the

municipal court's finding that Patrolman Wolf had probable cause to arrest the defendant.

We disagree with the defendant's assertion that *Welsh* v. *Wisconsin* (1984), 466 U.S. 740, is dispositive of the instant case. In *Welsh, supra,* the Supreme Court ruled that the warrantless entry of the petitioner's home at night to arrest him for a civil traffic offense violated the Fourth Amendment. *Id.* at 748-754. However, *Welsh* is distinguishable from the instant case, in that in *Welsh,* the Supreme Court assumed that the police entered *the petitioner's home* without "* * * valid consent * * *." *Id.* at 743, fn. 1. In the instant case, the defendant was not in his own home, but was in his father-in-law's home. Moreover, in the case before us, the arresting officer clearly had the consent of the father-in-law to enter the premises, which obviated the need for a warrant. See 2 LaFave, Search and Seizure (1987) 582, Section 6.1(c).

We also disagree with the municipal court's finding that the defendant's warrantless arrest violated R.C. 2935.03. As previously discussed, R.C. 2935.03 permits warrantless arrests only where a person is "found violating" a law or ordinance. However, in *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, 61 O.O. 2d 496, 291 N.E. 2d 742, the Ohio Supreme Court extended the circumstances which would satisfy R.C. 2935.03. In *Oregon,* the court was confronted with two fact patterns similar to the instant case. In each instance, the arresting officers arrived after the accident had occurred and there was evidence to indicate that the drivers of the vehicles were intoxicated. *Id.* at 271-272, 61 O.O. 2d at 496, 291 N.E. 2d at 743. In both situations, the drivers admitted they were driving when the accident took place. *Id.* The court held:

"After viewing the scene of the accident and hearing appellants' admissions on a first-hand basis, the officers *could reasonably conclude* that each had been operating his vehicle shortly before the officers arrived. Coupled with the fact that appellants were obviously under the influence, *the officers properly found each to have been violating an ordinance* of the respective municipal corporations prohibiting driving while under the influence of alcohol." (Emphasis added.) *Id.* at 274, 61 O.O. 2d at 497, 291 N.E. 2d at 744.

The defendant made no such admission in the case before us. However, commenting on the *Oregon* decision in *State* v. *Adkins* (July 19, 1977), Hancock App. No. 5-77-7, unreported, this court held:

"The test therefore is not specifically the presence of an admission but rather the reasonable conclusion of the officer, based in those cases on an admission, that the driver had shortly before been operating the vehicle. *An admission is only one of several possible bases for such a reasonable inference.*" (Emphasis added.)

Thus, although there was no evidence that the defendant ever admitted to Patrolman Wolf that he was driving the vehicle, we find that based upon all of the facts set forth earlier, the trial court could have properly concluded that the defendant was, nevertheless, "found violating" Bucyrus City Ordinance No. 333.01(A)(1) within the meaning of R.C. 2935.03(A).

Accordingly, in that the defendant's warrantless arrest violated neither the Fourth Amendment nor R.C. 2935.03, we affirm the municipal court's determination overruling the defendant's motion to suppress evidence.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.