**State v. Green**
*[Cite as 7 AOA 360]*

*Case No. 14584*
*Summit County, (9th)*
*Decided September 26, 1990*

*Leonard W. Hazelett, Asst. Prosecutor, 161 S. High St., Akron, Ohio 44308, for Plaintiff.*

*William T. Whitaker, 80 S. Summit St., 300 Courtyard Square, Akron, Ohio 44308, for Defendant.*

QUILLIN, P. J.

The question presented in this case is whether evidence obtained from a warrantless arrest for operating a motor vehicle while under the influence of alcohol should be suppressed when the arresting officer did not actually see the defendant operate the vehicle. We hold that the evidence should not have been suppressed, and we remand the case for further proceedings.

In the early morning hours of January 12, 1990, Patrolman Donald H. Victor of the Springfield Township Police Department responded to a call of a possible burglary in progress at 2566 Shortway in Springfield Township. On his way to this address, Victor noticed a car in a ditch at the corner of Canfield Road and East Parkway. Victor radioed to his dispatcher the existence of the accident.

At 2566 Shortway, Victor found defendant-appellee Kelly A. Green. Green was crouched down between two doors in the front of the house. Green smelled strongly of alcoholic beverage, was unable to stand on her own and her speech was slurred.

Trooper J. L. Steen of the Ohio State Highway Patrol responded to Victor's call regarding the car in the ditch. Steen found that the driver's side door of the car was pinned against the embankment of the ditch and could not be opened.

Steen found no one in the car but there was one set of footprints in the snow leading away from the passenger door. Approximately one quarter to one half of an inch of snow had fallen within the last hour.

Steen radioed the vehicle's registration number to the Springfield Township Police Department dispatcher who responded that the

vehicle was registered to Green. Victor, who heard the transmission, radioed Steen that he had Green with him, and he would bring her to Steen.

While returning to the accident scene, Victor tracked the footprints he had found at the house. The footprints led back to' the passenger door of Green's car.

Victor then told Steen about Victor's investigation at the house. Victor inspected Green's car, finding no snow on it. He also found that the driver's side door could not be opened.

Steen then took Green out of Victor's car. Steen detected a strong odor of alcoholic beverage on Green, and, in his opinion, she was obviously intoxicated. Steen arrested Green.

Green was charged with violating (1) R.C. 4511.19(A)(1), operating a motor vehicle while under the influence of alcohol; (2) R.C. 4511.19(A) (3), operating a motor vehicle with a concentration of .249 of one gram by weight of alcohol per two hundred and ten liters of her breath; and, (3)R.C. 4511.202, failing to maintain reasonable control of her motor vehicle.

The trial court granted Green's motion to suppress all evidence obtained from the arrest. The state appeals. We reverse.

### Assignment of Error I.

"The trial court committed prejudicial error by holding that appellee was not found under R.C. 2935.02 [sic] violating Ohio Revised Code 4511.19(A)(1) and that her arrest was without probable cause where the uncontroverted evidence established that appellee was found wandering alone, on foot, and intoxicated approximately 150 to 200 yards away from a ditch wherein a vehicle registered to her was found with no one in sight and only one set of footprints leading in the direction in which appellee was ultimately found."

Absent a legislative mandate requiring exclusion, the exclusionary rule. does not apply to statutory violations which fall short of constitutional violations. *Kettering v. Hollen* (1980), 64 Ohio St. 2d 232, 235.

The Fourth Amendment to the United States Constitution does not prohibit the warrantless arrest for a misdemeanor committed outside an officer's presence. *Bucyrus v. Williams* (1988), 46 Ohio App. 3d 43, 45.

A warrantless arrest is constitutionally valid if, at the time of the arrest, the facts and circumstances within the officer's knowledge of which he had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the suspect had committed an offense. *Beck v. Ohio* (1964), 379 U.S. 89, 91. Probable cause is determined from factual and practical considerations of everyday life on which reasonable and prudent men act. *Draper v. United States* (1959), 358 U.S. 307, 313.

Steen clearly had probable cause to arrest Green for violating R.C. 4511.19(A)(1). The police officers found Green's unoccupied car in a ditch. Although it had snowed between one quarter and one half of an inch within the last hour, there was no snow on the car. There was one set of footprints leading from the car to the house at 2566 Shortway. This was the only set of footprints near the car.

Green was found a short distance away. She smelled strongly of alcoholic beverage, was unable to stand on her own, her speech was slurred and appeared to be intoxicated.

Because Steen had probable cause to arrest Green for violating R.C. 4511.19(A)(1), any violation of R.C. 2935.03, which limits the power to arrest for misdemeanors, would not mandate exclusion of the evidence.

### Assignments of Error

"II. The trial court committed prejudicial error by failing to state its essential findings on the record as required by Criminal Rule 12(E).

"III. The trial court committed prejudicial error when, in ruling upon a motion to suppress for lack of probable cause, it ordered that all charges against appellee be dismissed with prejudice by May 14, 1990."

In holding that the trial court committed prejudicial error by suppressing the evidence, we have dispensed with Assignments of Error II and III.

*The judgment is reversed.*

BAIRD, J., concurs.

CACIOPPO, J., dissents.

I respectfully dissent.

The record from the suppression hearing does not provide ample evidence to justify probable cause in this case.

The existence of probable cause is a factual question. *Beck v. Ohio* (1964), 379 U.S. 89.

The record reflects that Green's suppression motion contains claims supported by factual allegations. The trial court conducted a hearing. The trial court had an opportunity to hear the testimony, observe the witnesses and determine there was no probable cause for the arrest. The trial court is in the best position to judge these

matters and this court should not substitute its judgment for the trial court's See *State v. Logan* (July 15, 1987), Summit App. Hos. 12904, 12926, 12927, unreported (Quillin, J., concurring).

Therefore, I would affirm the trial court's judgment.