**CITY OF COLUMBUS, Appellee,**

**v.**

**LEWIS, Appellant.**

[Cite as *Columbus v. Lewis* (1991), 77 Ohio App.3d 356.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–141.

Decided Sept. 26, 1991.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Thomas K. Lindsey,* for appellee.

*Raymond Grove,* for appellant.

REILLY, Judge.

On June 30, 1990, defendant, Heather M. Lewis, was arrested for operating a motor vehicle while under the influence of alcohol ("OMVI"), operating without a valid license, operating while under suspension, failure to control, expired license tags, and failure to wear a seat belt. On July 2, 1990, defendant entered a plea of not guilty to the charges.

On October 1, 1990, defendant filed a combined motion to suppress and motion to dismiss. On December 12, 1990, the trial court heard testimony and overruled both motions. Defendant orally requested findings of fact and conclusions of law. On January 17, 1991, defendant entered a plea of no contest to the OMVI charge and stipulated a finding of guilty. The state dismissed the remaining charges. The trial court found defendant guilty and sentenced her accordingly. Defendant appeals and asserts the following assignments of error:

"I. The trial court committed prejudical [sic] error by overruling defendant-appellant's motion to supress [sic] and motion to dismiss thereby violating defendant-appellant's constitutional and statutory rights.

"II. The trial court committed prejudical [sic] error by failing to provide written findings of fact and conclusions of law as requested in open court by defendant-appellant's counsel."

In her first assignment of error, defendant argues that the trial court erred by overruling her motion to suppress evidence. Defendant contends that her warrantless arrest was constitutionally invalid.

Ginny Allen testified that on June 30, 1990, she looked out her window because she heard people yelling. Allen observed a car hit the back of her parked truck and push her truck into another car. The driver veered across the street and then hit the curb. There was a man running along side of the car who eventually was able to grab the keys and stop the car. The man took the woman out of the car and took her down the street and inside a house.

Columbus Police Officer, Steve Tarini, testified that he was dispatched to the scene of an accident where a car hit a car and pushed it into another car and then ran up on the curb. When he arrived, there were several people standing on the street saying that a woman hit the car and that she ran into a particular house. Officer Tarini was unable to remember the names of any of the witnesses and apparently he did not include their names as part of his report.

Officer Tarini went to the house where the witnesses said the woman had gone and went up to the door. There was a man standing at the door, whose identity is unknown, and Officer Tarini told him that he needed to see the

woman who was involved in the car accident. According to Officer Tarini's testimony, the man nodded his head towards a couch upon which the defendant was lying. Officer Tarini entered the house and told defendant that she needed to go with him. Defendant was unable to walk out of the house by herself and Officer Tarini had to assist her. Once he got her outside, he observed that she had a strong odor of alcohol, that she was on the verge of passing out and that she was unable to follow instructions. Officer Tarini placed defendant under arrest.

Freedom from indiscriminate searches and seizures is protected by the Fourth Amendment to the United States Constitution, which guarantees " * * * [t]he right of the people to be secure in their * * * houses * * * against unreasonable searches and seizures * * *." The amendment further provides that "no Warrants shall issue, but upon probable cause * * *." Invasion of the sanctity of the home has thus been recognized as " * * * the chief evil against which the wording of the Fourth Amendment is directed * * *." *United States v. United States Dist. Court* (1972), 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752, 764.

■ Judicial interpretation of the amendment has established that a presumption of unreasonableness attaches to all warrantless home entries. *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639; *Welsh v. Wisconsin* (1984), 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732. To overcome the presumption, the burden is placed upon the government to demonstrate the existence of probable cause, which is necessary in all arrests, and also exigent circumstances. *Payton* and *Welsh, supra.*

■ As a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence. *State v. Lewis* (1893), 50 Ohio St. 179, 33 N.E. 405. In *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742, the Ohio Supreme Court recognized an exception to this rule where the officer had probable cause to believe that the suspect was operating the motor vehicle while under the influence of alcohol or drugs.

The police had probable cause to believe that the driver of the vehicle had been driving recklessly when she caused her car to collide with other cars. The police did not have probable cause to believe that the driver of the car had been driving while under the influence of alcohol. Furthermore, Officer Tarini admits that the only description he had of the driver was a white female and that he did not search the rest of the residence to see if any other women were present. Instead, he physically removed the defendant from the premises, carried her out to his squad car and placed her under arrest for OMVI.

The scope of exigent circumstances has been relatively narrowly defined, it has been limited to only a few "carefully delineated" situations. *United States v. United States Dist. Court* and *Welsh, supra.* Chief among the exceptions, are situations involving "hot" or "fresh pursuit" of a suspect in cases where there exist the possibility that important evidence may be destroyed, absent immediate action. Neither applies herein.

The state places great emphasis on its assertion that the officer had permission to enter the house because a man in the doorway nodded in the direction of the defendant. The state contends that it was reasonable for the police officer to believe that the man had authority to permit the police to enter and there is nothing in the record to indicate that he was not the owner or tenant of the property. However, the state did not present the identity of the man nor did the state identify the address in question. While there is no evidence that the man did not have authority to permit the police to enter, there also is no evidence that the man did have authority to permit the police to enter.

The trial court found the case of *Bucyrus v. Williams* (1988), 46 Ohio App.3d 43, 545 N.E.2d 1298, to be persuasive. In *Williams,* the police were called to investigate an accident. When the police arrived, they observed a vehicle lodged on the front porch of a residence. The defendant's father-in-law emerged from a nearby residence and informed the police officer that the driver of the vehicle was in his house and instructed the police to come inside. Once inside, the police came in contact with the defendant's wife, who was in the process of calling the police department when the patrolman entered. Defendant's wife told the officer that her husband had been in Marion drinking and that he was in the kitchen. The police officer entered the kitchen and found the defendant, who appeared to be intoxicated. Immediately thereafter, the police officer instructed the defendant to accompany him to the accident scene and, once there, placed him under arrest.

In that case, the appellate court placed considerable emphasis upon the fact that the arresting officer clearly had the consent of the father-in-law to enter the premises, which obviated the need for a warrant. However, in the present case, the state has not been able to demonstrate that they clearly had the consent of the owner of the home to enter the premises. Therefore, this court finds that the arresting officer did not have permission to enter the premises, and the arrest of the defendant was illegal.

Accordingly, defendant's first assignment of error is well taken and is sustained.

■ In the second assignment of error, defendant argues that the trial court committed prejudicial error by failing to provide written findings of fact

and conclusions of law as requested by defendant's counsel. At the conclusion of the hearing on the motion to suppress, the trial court overruled defendant's motion to suppress and motion to dismiss but failed to journalize that determination.

Crim.R. 12(E) provides as follows:

" * * * Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

The trial court must state such findings upon the request of counsel. See *Bryan v. Knapp* (1986), 21 Ohio St.3d 64, 65, 21 OBR 363, 364, 488 N.E.2d 142, 143, which states:

" * * * Without such findings, neither the court of appeals nor this court can properly review the propriety of the trial court's ruling."

 In *State v. Waddy* (Nov. 2, 1989), Franklin App. No. 87AP–1159, unreported, 1989 WL 133508, this court stated that essential findings are the fundamental or necessary reasons relied upon by the trial court in reaching its final determination on the issue. Essential findings are more than mere conclusions of law but need not be as specific as special findings of fact. The trial court overruled defendant's motion to suppress and stated as follows:

"I find that there was no illegal entry. I find that the warrantless arrest was constitutional and valid. Although not exactly on point, I find the law as set forth in Bucyrus versus Williams, 1988, to be quite persuasive in this area.

"I find from this law and other law that there has been, I believe, an increasing awareness by the court systems in the State of Ohio that in situations like this where the officer was not on the scene, that an alleged incident that involved operating a motor vehicle under the influence of alcohol, that this is, in fact, appropriate behavior.

"Therefore, the defendant's motion to suppress evidence on those bases is overruled."

 Even if the trial court's ruling is construed as a technical violation of Crim.R. 12(E), defendant has not demonstrated any prejudice. The evidence clearly indicates the reasons behind the trial court's decision.

Accordingly, defendant's second assignment of error is not well taken and is overruled.

Based on the foregoing, defendant's first assignment of error is sustained and defendant's second assignment of error is overruled. The judgment of the Franklin County Municipal Court is reversed.

*Judgment reversed.*

**362**

■■■■■■■■

Bowman, P.J., and Peggy Bryant, J., concur.

Archer E. Reilly, J., retired, of the Tenth Appellate District, sitting by assignment.