OPINION
Defendant-appellant, Mark A. Johnson, appeals a Warren County Court conviction for driving under the influence of alcohol, a violation of Springboro Ordinance 434.01. We affirm.
On August 17, 1997, Officer Robert Marchiny of the Springboro Police Department was traveling east on Lytle Five Points Road in Springboro. A vehicle traveling west, later found to be operated by appellant, crossed over the center line, nearly striking Officer Marchiny's vehicle. Officer Marchiny turned his vehicle around and followed appellant. While in pursuit, Officer Marchiny lost sight of appellant for a few seconds as the road dipped down.
Officer Marchiny then observed appellant turn right on Country Club Lane. Again Officer Marchiny lost sight of the vehicle for approximately twenty seconds. When Officer Marchiny approached the vehicle, he observed the driver's door wide open, appellant standing at the rear of the vehicle, a person sitting in the back seat, and another person sitting in the front passenger's seat. Officer Marchiny approached appellant to issue him a citation for driving left of center. Appellant never informed Officer Marchiny that he was not driving the vehicle. Upon talking with appellant, Officer Marchiny noticed appellant's eyes were bloodshot and an odor of alcohol on appellant's breath. Appellant admitted that he had been drinking. At that point, Officer Marchiny administered field sobriety tests which appellant failed. Officer Marchiny arrested appellant for driving under the influence of alcohol and cited him for driving left of center.
On August 20, 1997, appellant entered a plea of not guilty in the Springboro Mayor's Court, Traffic Division. On September 25, 1997, appellant filed a motion to dismiss the charges, arguing that Officer Marchiny did not have direct knowledge that appellant was driving the vehicle on August 17, 1997. On October 22, 1997, the Mayor's Court held a hearing and found sufficient evidence for Officer Marchiny to conclude that appellant was driving the vehicle. Appellant's motion to dismiss was denied.
On November 5, 1997, appellant changed his plea to no contest and waived his right to a jury trial. By judgment entry dated November 19, 1997, the Mayor's Court found appellant guilty of both charges and imposed a sentence of $500 plus costs, thirty days in jail, and suspended appellant's driver's license for six months with occupational privileges.[1]
On December 10, 1997, appellant filed an appeal to the Warren County Court requesting a trial de novo.[2] On December 23, 1997, appellant filed another motion to dismiss which was denied by the county court on June 2, 1998. By judgment entry dated June 30, 1998, the county court found appellant guilty of both charges. By entry dated July 16, 1998, the county court required appellant to pay $300 plus costs, sentenced him to thirty days in jail with twenty-seven days suspended, and imposed a three-day intervention program and two years of probation. Appellant was required to pay $35 plus costs on the left of center charge. A timely appeal was filed to this court. Appellant asserts two assignments of error.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS BECAUSE THERE WAS NO PROBABLE CAUSE FOR THE ARREST AND THE ARREST WAS IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
In his first assignment of error, appellant argues that there was no probable cause to arrest him for driving under the influence because the officer did not have direct knowledge that appellant was the driver of the stopped vehicle. Consequently, appellant argues that the trial court erred when it denied his motion to dismiss. We disagree.
The Ohio Supreme Court has recognized that "when the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol," the officer is allowed to make a warrantless arrest. State v Henderson (1990),51 Ohio St.3d 54, 56. See, also, Oregon v. Szakovits (1972), 32 Ohio St.2d 271, 274. A warrantless arrest is constitutionally valid if, at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent man in believing that the suspect had committed the offense. Beck v. Ohio (1976), 379 U.S. 89, 91. If the offense in question is driving under the influence of alcohol, the officer does not have to actually observe the defendant driving. State v. Getzy (Nov. 14, 1997), Lake App. No. 97-L-020, unreported, citing State v. McKivigan (Jan. 27, 1989), Portage App. No. 1905, unreported. Therefore, a valid arrest is made when, based on the totality of the circumstances, a prudent person would believe that the defendant was driving under the influence of alcohol. Getzy, Lake App. No. 97-L-020, unreported.
Determining whether probable cause exists is a factual question that is to be ascertained by the trial court. State v. Conover (1985), 23 Ohio App.3d 161, 162. Absent an abuse of discretion, a reviewing court will not overrule a trial court's judgment as to probable cause. Id. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
In the present case, Officer Marchiny observed a vehicle cross over the center line and almost strike his vehicle. As a result, Officer Marchiny pursued the vehicle until it reached its final destination somewhere near Country Club Lane. Since crossing left of center is in violation of Springboro Ordinance 432.06, we find that Officer Marchiny had probable cause to approach appellant's vehicle.
Officer Marchiny testified that he only lost sight of appellant's vehicle for a total of twenty seconds and positively identified the vehicle stopped on Country Club Lane as the same vehicle he observed committing the traffic infraction. Officer Marchiny testified that based on the fact that no one was occupying the driver's side seat when he approached the vehicle, and that appellant never denied driving the vehicle, he concluded that appellant was the driver of the vehicle. We find such conclusion to be reasonable under the circumstances.
When Officer Marchiny approached appellant to issue a citation for crossing left of center, he noticed that appellant had bloodshot eyes, and smelled of alcohol. Further, appellant admitted he had been drinking, and had failed the field sobriety tests.
Based on the totality of the circumstances, we find that a reasonable prudent person would conclude that appellant was driving and was under the influence of alcohol at the time he was operating the vehicle. Accordingly, we find that the trial court did not abuse its discretion when it found that probable cause existed to arrest appellant for driving under the influence of alcohol. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS FOR THE REASON THAT THE ARREST WAS INVALID UNDER R.C. 2935.03.[3]
In his second assignment of error, appellant argues that the Oregon decision permits a warrantless arrest only when the defendant admits having driven the vehicle. Oregon v. Szakovits (1972),32 Ohio St.2d 271. Therefore, appellant argues that his arrest was invalid because he did not admit to driving the vehicle nor did Officer Marchiny exclude the other passengers as the possible driver. We disagree.
After thorough review of the Ohio Supreme Court's decision in Oregon, we do not find the requirement that the defendant must admit to driving the vehicle before an arrest for driving under the influence of alcohol can be made. Rather "each `drunken driving' case is to be decided on its own particular and peculiar facts * * *." Oregon, 32 Ohio St.2d 271, 273, citing to Mentor v. Giordano (1967), 9 Ohio St.2d 140, 146. The fact that the defendants in Oregon admitted to driving was just one factor, not a requirement, that the court considered in determining whether there was probable cause to make a warrantless arrest for driving under the influence of alcohol.
We have already stated that a police officer does not have to personally observe the suspect driving to effectuate a valid warrantless arrest. Rather, the police officer must view the totality of the circumstances in making his determination as to whether the suspect committed the offense. Since we have already stated that the totality of the circumstances gave Officer Marchiny probable cause to arrest appellant for driving under the influence of alcohol, we find appellant's second assignment of error to be without merit, and it is therefore overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Two hundred fifty dollars and twenty-seven days of jail time was suspended. The court credited three days of the jail time if appellant attended seventy-two hours of an alcohol intervention program.
[2] On November 5, 1997, appellant filed an appeal with this court. However, since R.C. 1905.22 states that "[a]ppeals from a mayor's court may be taken to the municipal court or county court having jurisdiction within the municipal corporation," this court dismissed the appeal for lack of jurisdiction.
[3] R.C. 2935.03 states in relevant part: "A * * * police officer * * * shall arrest and detain, until a warrant can be obtained, a person found violating, * * * a law of this state, [or] an ordinance." R.C. 2935(C) states: "When there is reasonable ground[s] to believe that a violation * * * has been committed by a person operating a motor vehicle * * * a[police] officer may stop or detain the person whom the officer has reasonable cause to believe was operating the motor vehicle in violation of * * * [a] section and, after investigating the circumstances surrounding the operation of the vehicle, may arrest and detain the person."