[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Thomas Jackson, appeals convictions for driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1) and (3). In his sole assignment of error, he contends that the trial court erred in overruling his motion to suppress because the police officer that arrested him lacked probable cause.
The record shows that two undercover police officers testified that appellant had tailgated their unmarked vehicle and then passed it on the left, going over the centerline. They sent out a broadcast indicating a reckless driver, possibly under the influence of alcohol, near their location. A uniformed officer, who had heard the broadcast, observed appellant make an illegal U-turn and stopped appellant's vehicle. As the officer spoke with appellant, he noticed that appellant had an odor of alcohol on his breath and bloodshot, watery eyes. The officer asked appellant to perform field sobriety tests, which, in the officer's opinion, appellant failed. Appellant's friends, who were passengers in his car and who admitted to drinking that evening, disputed the officer's account, claiming that appellant adequately performed the field sobriety tests.
Under the totality of the circumstances, the arresting officer possessed sufficient facts to warrant a prudent individual in believing that appellant had been operating a vehicle under the influence of alcohol in violation of R.C. 4511.19. Therefore, he had probable cause to arrest appellant. Beck v. Ohio (1964),379 U.S. 89, 85 S.Ct. 223; State v. Heston (1972), 29 Ohio St.2d 152,280 N.E.2d 376; State v. Conover (1985), 23 Ohio App.3d 161,492 N.E.2d 464. Appellant is simply arguing that the testimony of certain witnesses was more credible. However, in a hearing on a motion to suppress, matters as to the credibility of evidence are for the trier of fact to decide. State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Melvan (1992), 80 Ohio App.3d 443,609 N.E.2d 595. Accordingly, the trial court did not err in overruling appellant's motion to suppress. We overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.