DECISION.
Plaintiff-appellant, the state of Ohio, appeals a decision of the trial court granting a motion to suppress filed by defendant-appellee, Roger Stephen Neu, II. Neu was charged with driving under the influence of alcohol pursuant to R.C.4511.19(A)(1). In his motion to suppress, he challenged the constitutionality of his detention by police and his subsequent arrest.
At a hearing on the motion, police officer Robert Miller testified that at approximately 2:40 a.m. on the day in question, he was assisting his lieutenant on an unrelated traffic stop on Webster Avenue, a residential street. At that time, he saw Neu sitting in the driver's seat of his parked car, slumped over the steering wheel, with his keys in his right hand. Miller observed that Neu was breathing and attempted to wake him by knocking on the window. When he received no response, Miller opened the unlocked driver's side door and woke Neu by shaking his shoulder.
Upon opening the door, Miller noticed a strong odor of alcohol. He also noticed that Neu was disoriented, had bloodshot eyes and lacked fine motor control. Miller asked him to get out of the vehicle. Neu's speech was slightly slurred, but understandable, and he admitted to drinking earlier in the evening. Miller then administered several field sobriety tests to Neu, which, in Miller's opinion, he failed. Miller then placed Neu under arrest.
Miller also testified that his lieutenant said that he had observed the vehicle in which Neu was sitting make a fast, wide left turn onto Webster Avenue and pull up in front of a residence. The lieutenant did not see the driver. Miller did not recall exactly when this conversation with the lieutenant occurred. Miller testified that he talked to the lieutenant "before I placed the defendant in handcuffs and also afterward."
In granting the motion to suppress, the trial court found that Miller did not have probable cause to believe that Neu was operating the vehicle. The court later clarified its decision, stating that it also had found that the officer did not have a reasonable suspicion that Neu was operating the vehicle. The state has filed a timely appeal from that decision pursuant to R.C. 2945.67 and Crim.R. 12(J). We have sua sponte removed this case from the accelerated calendar.
In its sole assignment of error, the state contends that the trial court erred in granting the motion to suppress. It argues that Neu's detention and arrest did not violate his constitutional rights. We find this assignment of error to be well taken.
In reviewing the trial court's decision on a motion to suppress, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. However, we must determine independently, as a matter of law, whether the facts meet the appropriate legal standard. State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, 1174; State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908.
A seizure does not occur simply because a police officer approaches an individual and asks a few questions. An encounter that does not involve physical force or a show of authority does not necessarily implicate the Fourth Amendment. Florida v.Bostick (1991), 501 U.S. 429, 433-434, 111 S.Ct. 2382,2386; State v. Boys (1998), 128 Ohio App.3d 640, 642,716 N.E.2d 273, 275. When the police approach and question the occupants of a parked vehicle, their conduct does not constitute a seizure and does not require a reasonable and articulable suspicion of criminal activity. Boys, supra, at 642-643, 716 N.E.2d at 375.
Miller's approach of Neu's vehicle did not constitute a seizure and therefore did not have to be supported by a reasonable and articulable suspicion of criminal activity. Even though Miller could see that Neu was breathing, he was justified in investigating further when Neu failed to reply to a tap on the window, as Neu could still have required assistance. See State v.Ross (Dec. 10, 1986), Richland App. No. CA-2412, unreported.
Once Miller decided to detain Neu for field sobriety tests, Neu was seized within the meaning of the Fourth Amendment. State v.Robinette (1997), 80 Ohio St.3d 234, 240-241,685 N.E.2d 762, 768; State v. Retherford (1994), 93 Ohio App.3d 586, 595,639 N.E.2d 498, 504-505; State v. Black (Dec. 31, 1998), Hamilton App. No. C-970874, unreported. At that time, the police officer needed objective justification to support the seizure. State v. Andrews
(1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271, 1272-1273. He must have been able "to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant[ed] that intrusion." Id. at 87,565 N.E.2d at 1273, quoting Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880.
At the time of the seizure, Miller had observed that Neu was slumped over his steering wheel with his keys in his hand and that he had failed to respond to a tap on the window. Miller had to open the door and actually shake Neu to awaken him. He testified that Neu was in a "deep sleep." Subsequently, Miller noticed a strong odor of alcohol about Neu's person, as well as his bloodshot eyes and slurred speech. Further, Neu admitted to Miller that he had been drinking. Under the circumstances, regardless of whether he had actually seen Neu driving the vehicle, Miller could point to specific and articulable facts that gave him a reasonable suspicion that Neu had been "operating" the vehicle, as the Ohio Supreme Court has defined that term, while under the influence of alcohol. See State v. Gill (1994), 70 Ohio St.3d 150,637 N.E.2d 897; State v. Mackie (1998), 128 Ohio App.3d 167,714 N.E.2d 405. Consequently, his detention of Neu to take field sobriety tests did not violate Neu's Fourth Amendment rights. See Boys, supra, at 643, 716 N.E.2d at 275.
Further, the officer's observations, together with Neu's performance on the field sobriety tests, during which he was "swaying noticeably," gave Miller sufficient facts to warrant a prudent individual in believing that Neu had been operating a vehicle under the influence of alcohol in violation of R.C.4511.19(A)(1). Therefore, Miller had probable cause to arrest him. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225;State v. Heston (1972), 29 Ohio St.2d 152, 155-156,280 N.E.2d 376, 377; State v. Conover (1985), 23 Ohio App.3d 161, 162,492 N.E.2d 464, 465.
Because Neu's detention and arrest did not violate his Fourth Amendment rights, the trial court erred in granting his motion to suppress. Therefore, we sustain the state's assignment of error, reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.
 ____________________ PRESIDING JUDGE DOAN
 DOAN, P.J., GORMAN and PAINTER, JJ.