OPINION
{¶ 1} This is an accelerated calendar case submitted on the record and the brief of appellant, Dino DiDomenico. Appellee, the state of Ohio, has not submitted a brief.
{¶ 2} DiDomenico appeals from the judgment of the Painesville Municipal Court. DiDomenico was convicted of one count of driving under the influence and one count of failure to control.
{¶ 3} On February 6, 2001, officers from the State Highway Patrol responded to a single car accident on Callow Road in Leroy Township. On the night in question, the roads were very icy. Trooper Larry Roberts testified that he arrived at the crash scene first. He was followed shortly thereafter by Trooper Senghor Hobbs. Trooper Roberts began to investigate the crash site. Trooper Hobbs looked for footprints in the snow.
{¶ 4} A third member of the State Highway Patrol, Sergeant Kreft, arrived in the area a few minutes after the two troopers. Sergeant Kreft made a radio transmission about twenty minutes later, and Trooper Hobbs went to meet Sergeant Kreft three houses up the road from the crash scene. The record does not indicate how Sergeant Kreft knew to go to this house.
{¶ 5} Trooper Hobbs testified that he witnessed Sergeant Kreft escorting DiDomenico down the steps of a residence. Hobbs then transported DiDomenico back to the crash scene. At the crash scene, Trooper Roberts noticed a strong odor of alcohol on DiDomenico. Trooper Roberts administered sobriety tests, and DiDomenico performed poorly on these tests. DiDomenico was arrested and taken to jail. He admitted to drinking three beers before the accident and admitted driving the car.
{¶ 6} DiDomenico filed a motion to dismiss, or in the alternative, motion to suppress. A hearing was held, and the trial court denied DiDomenico's motions. DiDomenico then pled no contest to the charges against him.
{¶ 7} DiDomenico raises a single assignment of error on appeal:
 {¶ 8} "Has a police officer the power to enter private premises in order to make an arrest, without a warrant, for a misdemeanor."
{¶ 9} There was evidence presented at the suppression hearing that indicates DiDomenico was in a home when he was arrested by Sergeant Kreft. Trooper Hobbs testified that "I went to the house to assist Sergeant Kreft. * * * I first observed the driver walking out with Sergeant Kreft behind him." The record does not indicate that Sergeant Kreft had a warrant to enter the residence. A warrantless entry into a home for the purposes of an arrest is per se unreasonable, and the burden is on the state to show otherwise.[1]
{¶ 10} The Supreme Court of Ohio has recently answered the question posed in DiDomenico's assignment of error, holding that "[w]hen officers, having identified themselves, are in hot pursuit of a suspect who flees to a house in order to avoid arrest, the police may enter without a warrant, regardless of whether the offense for which the suspect is being arrested is a misdemeanor."[2]
{¶ 11} An officer may also enter a home to make an arrest if the officer has permission of the homeowner to enter.[3] In Columbus v.Lewis, the court held that the officer did not have permission to enter where the state failed to establish that a man, who nodded in the direction of the defendant, was the owner of the residence.[4]
{¶ 12} The problem in the case sub judice is that Sergeant Kreft, the arresting officer, did not testify at the suppression hearing. The state did not establish that Sergeant Kreft was in "hot pursuit" of DiDomenico. The state failed to show how Sergeant Kreft knew where to find DiDomenico. The state also failed to show the details of the arrest, such as where it was made, what was said by the arresting officer, and what probable cause the sergeant had to make the arrest. There was no conclusive evidence offered to show that DiDomenico was inside or outside of the house when he was arrested by Sergeant Kreft. Finally, there was no evidence presented showing that Sergeant Kreft had permission to enter the residence. DiDomenico is challenging the constitutionality of the arrest. The state failed to meet its burden to show that the arrest was constitutional. With the testimony of the arresting officer, the state may have been able to meet this burden. However, that officer did not testify.
{¶ 13} DiDomenico's assigned error actually poses the question of whether police officers have the authority to enter a residence without a warrant to make a misdemeanor arrest if in hot pursuit. The Supreme Court of Ohio has recently answered that question in the affirmative.[5]
Thus, DiDomenico's assigned error is without merit. However, we hold that the trial court erred by denying DiDomenico's motion to suppress, as the state failed to show that the arrest was constitutional.
{¶ 14} The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] State v. Nields, 93 Ohio St.3d 6, 15, 2001-Ohio-1291, citing Walshv. Wisconsin (1984), 466 U.S. 740,750; and Payton v. New York (1980),445 U.S. 573, 585-587.
[2] Middletown v. Flinchum, 95 Ohio St.3d 43, 2002-Ohio-1625, syllabus.
[3] Columbus v. Lewis (1991), 77 Ohio App.3d 356, 360.
[4] Id.
[5] Middletown v. Flinchum, supra.