OPINION
{¶ 1} Defendant-appellant, John D. Teeters, appeals the decision of the Noble County Common Pleas Court denying his motion to suppress evidence. The motion contended that the arresting officer lacked probable cause to arrest appellant for DUI.
 {¶ 2} On January 5, 2001, Trooper Jeff Bernard of the Ohio State Highway Patrol responded to a report of a single car accident on State Route 147 in Noble County. Trooper Bernard arrived at the scene after the accident had taken place and appellant was already under the care of ambulance personnel. Appellant had been driving his pickup truck on State Route 147 when it went off of the road, struck a sign, and traveled 175 feet alongside of the road before striking a bridge that was clearly marked by a yellow reflector.
 {¶ 3} Trooper Bernard was present when appellant admitted to the ambulance personnel that he had consumed alcohol prior to the accident. According to the record, appellant was fully aware of the trooper's presence prior to making this admission. The ambulance personnel transported appellant to the hospital for medical treatment while the trooper remained behind to investigate the accident scene.
 {¶ 4} Upon completion of his investigation of the scene, Trooper Bernard drove to the hospital where appellant had been taken to receive medical treatment. The trooper observed appellant in the emergency room, where he smelled the odor of alcohol and observed that appellant's eyes were bloodshot. The trooper took an investigatory statement from appellant, then decided to place appellant under arrest. After making the arrest, the trooper requested that a sample of appellant's blood, which had been previously been drawn by the hospital staff, be tested for its blood-alcohol content. Appellant was subsequently charged with driving under the influence of alcohol (DUI), R.C. 4511.19(A)(1) and (A)(2); failure to maintain reasonable control of his automobile, R.C. 4511.202; and failure to wear a seat belt, R.C. 4513.263.
 {¶ 5} Appellant filed a motion to suppress evidence, alleging that the trooper lacked probable cause to arrest appellant. The trial court heard this motion on August 23, 2001. The motion was overruled and the court issued its Findings of Facts and Conclusions of Law on October 24, 2001.
 {¶ 6} On November 28, 2001, appellant pled no contest to the DUI and seat belt charges. The charge for failure to control was dismissed as a part of a plea agreement. Appellant was found guilty on both remaining charges and was sentenced on the DUI charge to ten days confinement, a $350 fine, and a two-year suspension of his driver's license. Execution of the sentence was stayed pending this appeal.
 {¶ 7} Appellant's sole assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PROBABLE CAUSE EXISTED FOR THE WARRANTLESS ARREST OF APPELLANT FOR OPERATING A MOTOR [sic] UNDER THE INFLUENCE OF ALCOHOL."
 {¶ 9} This court has previously concluded on numerous occasions that our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95,100; State v. Winand (1996), 116 Ohio App.3d 286, 288, citing Tallmadgev. McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses."State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. State v. Brown (Sept. 7, 1999), 7th Dist. No. 96-B-22, citing State v. Anderson (1995), 100 Ohio App.3d 688,691. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37,41, overruled on other grounds as stated in Village of McComb v. Andrews
(Mar. 22, 2000), 3rd Dist. No. 5-99-41.
 {¶ 10} In examining whether or not an arresting officer has probable cause to make an arrest in a DUI case, the court considers the totality of the facts and circumstances in order to determine whether they supported the officer's decision to place the defendant under arrest. State v. Bunkley, 7th Dist. No. 00 CA 224, 2002-Ohio-1162, at ¶ 23, citing State v. Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-212. Courts do not apply a set formula in reviewing whether or not probable cause exists to make an arrest in DUI cases; rather, they look to the various indicia that are present in order to determine whether or not they may reasonably lead an arresting officer to believe that probable cause exists. Id. at ¶ 14, citing State v. Evans (1998),127 Ohio App.3d 56, 63.
 {¶ 11} There are many indicia in this case that reasonably lead to the conclusion that appellant was driving while under the influence of alcohol: (1) the time of day of the accident, (2) the odor of alcohol, (3) the fact that appellant's eyes were red and bloodshot, and (4) the fact that appellant freely admitted to the trooper and ambulance personnel that he had been drinking alcohol. The fact that there were no witnesses to appellant's erratic driving does not, as appellant asserts, defeat the finding of probable cause. A "single vehicle accident suggests erratic driving from which impairment could be inferred." State v.Conover (1985) 23 Ohio App.3d 161, 163. Thus, these indicia provide enough evidence under the totality of circumstances to establish probable cause to arrest appellant.
 {¶ 12} At the hearing on the motion to suppress, appellant's counsel asserted that the trooper's decision not to perform field sobriety tests implies that the trooper failed to follow proper Highway Patrol procedures. Moreover, counsel attempts to cast a wide shadow of doubt over each and every DUI arrest in which the arresting officer does not administer field sobriety tests precisely in the manner that they are prescribed by Highway Patrol procedure manuals. Such a broad statement is inaccurate and fails to recognize the facts of this particular case.
 {¶ 13} When the trooper arrived at the scene of the accident, appellant had already been placed in the ambulance by the medical personnel. In order to administer standard field sobriety tests, the trooper would have needed to remove appellant from the ambulance and possibly compromise the medical care that appellant was receiving. At the very least, it would have delayed appellant's receipt of medical attention at the hospital. It would be unreasonable to require police officers to choose between denying an injured party medical attention and potentially forgoing the arrest of an individual when there is evidence of a crime.
 {¶ 14} This court has recognized that when the circumstances prevent the administering of field sobriety tests, probable cause to make an arrest is not compromised so long as the totality of circumstances indicates that the defendant was driving under the influence of alcohol.State v. Winn, 7th Dist. No. 00 CA 229, 2001-Ohio-3465. The Ohio Supreme Court has held that in cases where field sobriety tests are improperly administered, probable cause for an arrest may still be found in the totality of circumstances. State v. Homan, 89 Ohio St.3d 421,2000-Ohio-212.
 {¶ 15} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 16} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich, J., and DeGenaro, J., concur.