The State of Ohio, Appellee, *v.* Higgins, Appellant.

[Cite as State v. Higgins (1976), 50 Ohio App. 2d 389.]

(No. 8193—Decided November 17, 1976.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman III,* for appellee.
*Mr. Duard D. Bradshaw,* for appellant.

Mahoney, P. J.   This is an appeal from a conviction for aggravated burglary in the Court of Common Pleas.

The defendant, Adolph S. Higgins, assigns as error:

"I. Where, in a jury trial, the state attempts to introduce a taped confession allegedly made by the defendant, and where the defendant objects to the introduction of said tape, and where the trial court, without an independent hearing as to the voluntariness of said confession overrules the defendant's objection and permits the introduction of said tape, said conduct on the part of the trial court is a violation of the defendant's due process guaranteed by the Fourteenth Amendment of the United States Constitution and is ground for reversal."

We overrule the claimed error.   The record reveals that the defendant never availed himself of a pre-trial motion as required by Crim. R.  12(B)(3).   Defendant's objection is deemed waived under Crim. R. 12(G) unless he offered the court "good cause" to show why the waiver should not be invoked.

The record shows that while the state was presenting evidence, defendant objected to the introduction of the taped confession on the grounds of its trustworthiness and reliability, and suggested that the defendant was under the influence of drugs at the time of the confession. All of these are objections which should be made by pre-trial motion.

The "good cause" required by Crim. R. 12(B) to obtain relief from the waiver must be such as to show that the defendant had a "good excuse" for sleeping on his rights in failing to file pre-trial motions. The defendant offered none to the trial court nor did he request an evidentiary hearing.

The testimony of the detective who took the tape recording indicates a compliance with "Miranda" and a willingness with understanding on the part of the defendant to waive his right to remain silent. Evidence in the record indicates that the waiver was not the result of any threats, coercion, promises, etc. It was, therefore, properly admissible.

We find that Crim. R. 12(B)(3) does not conflict with *Jackson* v. *Denno* (1964), 378 U. S. 368 nor *Simms* v. *Georgia* (1967), 385 U. S. 538. The defendant was not denied due process of law.

*Judgment affirmed.*

HUNSICKER and DOYLE, JJ., concur.

HUNSICKER and DOYLE, JJ., retired, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.