CITY OF WESTLAKE, APPELLEE, v. VILFROY, APPELLANT.

(No. 46324—Decided August 15, 1983.)

*Mr. Richard A. Damiani,* city prosecutor, for appellee.

*Mr. Samuel J. Agnello,* for appellant.

*Per Curiam.* Defendant appeals from her conviction in a non-jury trial for driving while under the influence of alcohol. She asserts that the trial court should have dismissed the case because the officer arrested her without a warrant for a misdemeanor committed outside his presence. We conclude that her contention lacks merit, so we affirm.

At the outset, we note that a valid conviction results when the evidence supports that conviction, even if the original arrest was invalid. Defendant apparently contends that her conviction was based on the statutory presumption from her breathalyzer test result, and that her allegedly unlawful arrest prevented the presumption's use. Cf. *State* v. *Risner* (1977), 55 Ohio App. 2d 77 [9 O.O.3d 230]. She made no pretrial suppression motion, so she waived any possible constitutional infirmity in the breathalyzer evidence. Crim. R. 12(G); *State* v. *Higgins* (1976), 50 Ohio App. 2d 389 [4 O.O.3d 358].

However, her conviction required proof that she was under the influence of alcohol. That proof depended upon the presumption from her .18 percent blood alcohol content reading on a breathalyzer test, since no other evidence sufficiently demonstrated that condition.

The "Agreed Statement of Evidence" describes the information available to the officer when he arrested her:

"Upon his arrival, at 2:14 a.m. [one minute after dispatch], the officer found a 1982 Toyota, which had collided with a Cleveland Electric Illuminating Company pole and the Defendant, lying on the lawn across the street. The officer detected the

odor of an alcoholic beverage on the defendant's breath as the Defendant was hyperventilating and the officer attempted to remedy that problem by placing a bag over her mouth. The Defendant apparently fainted and was transported to St. John's Hospital without any further conversation with the officer."

Two witnesses observed from their residence window that no other persons were in the vicinity when the officer was there. A hospital nurse testified that defendant admitted she had been driving the car, but the nurse did not relate that information to the officer.

The observations by the officer prior to her arrest did not demonstrate her guilt beyond a reasonable doubt, but they did provide probable cause for her arrest. Consequently, the statutory presumption was available, and the judgment is supported by the evidence. Cf. *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, 273-274 [61 O.O.2d 496]; *State* v. *Risner, supra,* at 81-82; *State* v. *Taylor* (1982), 2 Ohio App. 3d 394, 395.

*Judgment affirmed.*

PATTON, C.J., MARKUS and STILL-MAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.