*CITY OF CINCINNATI, Appellant,*

v.

**KROMSKI, Appellee.**

[Cite as *Cincinnati v. Kromski* (1995), 102 Ohio App.3d 621.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940373.

Decided March 29, 1995.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove* and *Jennifer Bishop,* for appellant.

*Charles R. Strain,* for appellee.

GORMAN, Presiding Judge.

On February 17, 1994, defendant-appellee, Justin Kromski, was arrested for driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1). The trial court granted Kromski's motion to suppress, finding that his warrantless arrest was not supported by probable cause. Plaintiff-appellant, the city of Cincinnati, filed a timely appeal pursuant to Crim.R. 12(J), asserting in its sole assignment of error that the trial court erred in granting the motion to suppress. It argues that the arresting officer had sufficient information which allowed her to conclude, based upon her training and experience, that Kromski's ability to operate a motor vehicle was impaired. We find this assignment of error to be well taken.

At the suppression hearing, the evidence showed that Kromski's car struck several cars parked in a small private lot off of Fehr Road. When Cincinnati Police Officer Lawana Barber arrived at the scene, Kromski told her that he had

lost control of his car while going around a curve. Barber noticed that Kromski appeared to be nervous and that he had a strong odor of alcohol about him. She stated that he begged her not to charge him with driving under the influence of alcohol. Upon questioning from Barber, Kromski acknowledged that he had drunk three or four beers "a couple of hours earlier." However, when asked if she noticed anything else about Kromski, Barber replied: "It was dark out. I didn't really observe his eyes too well at the scene."

Before she attempted to conduct field sobriety tests, Barber informed Kromski that she would be placing him under arrest for driving under the influence of alcohol. When she finally asked him to perform field sobriety tests, he refused, claiming he had injured his leg although he had been walking fine up until the time of his arrest.

Doug Wilson, a friend of Kromski's who witnessed the accident, testified that the road was "in terrible shape" and that it was covered with gravel. Kromski, who was not familiar with the road, was driving "exceptionally fast." He made a sharp left turn and slid on the gravel into the parked cars. Wilson stated that, other than driving too fast, Kromski's driving was normal; he was not weaving and he had no trouble controlling the car. Wilson further testified that after the accident, Kromski did not exhibit any signs of intoxication. However, Wilson also acknowledged that Kromski consumed three to four beers earlier in the evening.

Kromski was charged with a violation of R.C. 4511.19(A)(1), rather than R.C. 4511.19(A)(3), because he refused to take a breath-alcohol test (OBMV Form 2255 7/93, t.d. 2). For a violation of R.C. 4511.19(A)(3), the issue is not whether the driver was "under the influence of alcohol," as in R.C. 4511.19(A)(1). The issue is, did the driver have "a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath"?

Cumulative amendments to R.C. 4511.19(A)(3) and R.C. 4511.191, the implied consent statute, represent the legislature's attempt to curtail the conduct of the drinking driver in the interest of public highway safety. These amendments have created a low threshold for probable cause in cases involving warrantless arrests for DUI violations.

■ In this case it is undisputed that Kromski was at fault when he collided with several cars, which is direct evidence of erratic driving from which impairment can be inferred. *State v. Conover* (1985), 23 Ohio App.3d 161, 163, 23 OBR 403, 405, 492 N.E.2d 464, 466. At the scene of the accident, Kromski smelled of alcohol and he admitted recent consumption of alcohol. These facts served as reasonably trustworthy information available to the officer to satisfy the probable-cause standard and triggered reasonable inquiry whether Kromski's breath-alcohol content exceeded the limits of R.C. 4511.19(A)(3). See *Beck v. Ohio*

(1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; *Conover, supra,* at 162, 23 OBR at 404–405, 492 N.E.2d at 465.

■ Accordingly, we hold that the officer had probable cause to detain Kromski to administer one of the tests prescribed by R.C. 4511.191. See *Conover, supra,* at 163, 23 OBR at 405, 492 N.E.2d at 465–466; *Fairfield v. Regner* (1985), 23 Ohio App.3d 79, 84, 23 OBR 144, 148–149, 491 N.E.2d 333, 338; *State v. McWilliams* (Mar. 1, 1995), Hamilton App. Nos. C–940378 and C–940379, unreported, 1995 WL 84084. Under the trial court's analysis, probable cause vanished when Kromski refused to take a breath test, and the police officer's alternative was to allow Kromski to drive away upon completion of her investigation. Surely, such a conclusion contradicts the reasonably trustworthy information then available to the officer. Kromski may have gained an advantage at trial by refusing the breath test, but the city's difficulty with proof is not grounds for invalidating his arrest through the exclusionary rule. The state's assignment of error is sustained. We reverse the judgment of the trial court and remand the case for further proceedings.

*Judgment reversed*
*and cause remanded.*

BETTMAN, J., concurs.

DOAN, J., dissents.

DOAN, Judge, dissenting.

In deciding whether there was probable cause for an arrest, a court must determine if, at the moment of arrest, the police officer knew facts and circumstances and had reasonably trustworthy information sufficient to warrant a prudent person in believing the suspect had committed an offense. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; *State v. Finch* (1985), 24 Ohio App.3d 38, 39–40, 24 OBR 61, 62–64, 492 N.E.2d 1254, 1256. At the time Barber decided to place Kromski under arrest, she knew only that he had been involved in an accident, that he smelled of alcohol, and that he admitted drinking some alcohol. She noticed no impaired motor coordination or any other indicia of intoxication. This information was not sufficient to give her probable cause to arrest. See *Finch, supra; State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481; *State v. Cloud* (M.C.1991), 61 Ohio Misc.2d 87, 573 N.E.2d 1244. Under the circumstances, Barber would have been justified in conducting further investigation, see *Finch, supra,* at 40, 24 OBR at 63–64, 492 N.E.2d at 1257, but, as observed by the trial court, she "jumped the gun" by immediately placing Kromski under arrest.

Further, the record demonstrates that the trial judge believed Wilson's testimony that the cause of the accident was Kromski's excessive speed combined with the sharp turn and the gravel on the road. In a hearing on a motion to suppress, matters as to the credibility of evidence are for the trial court to decide. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 57–58, 437 N.E.2d 583, 584; *State v. Melvan* (1992), 80 Ohio App.3d 443, 447, 609 N.E.2d 595, 598. An appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Melvan, supra,* at 447, 609 N.E.2d at 598. Accordingly, I determine that the trial court did not err in granting Kromski's motion to suppress and the city's assignment of error should be overruled.