DECISION.
Defendant-appellee Brian Tonne was charged with driving while having a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, in violation of R.C. 4511.19(A) (3). He was also charged in a separate case with underage consumption of alcohol, in violation of R.C. 4301.632. Tonne filed a motion to suppress the results of his breath test, arguing that the police officers lacked probable cause to arrest him for driving with a prohibited concentration of alcohol. The trial court granted the motion as to the R.C.4511.19(A) (3) charge. The state has appealed. We have sua sponte
removed this case from the accelerated calendar and placed it on the court's regular calendar.
The sole assignment of error alleges that the trial court erred in granting Tonne's motion to suppress the results of his breath test.
On February 22, 1998, Cincinnati police officers were dispatched to the Spring Grove Avenue impoundment lot after the burglar alarm sounded. When the officers arrived, a red Camaro was pulling out of a parking lot adjacent to the impoundment lot. The officers stopped the Camaro, which Tonne was driving. Tonne rolled down the window as the officers approached. Both officers smelled an odor of an alcoholic beverage coming from the vehicle. The officers saw empty beer cans scattered throughout the Camaro. The "five or six" occupants were asked to step out of the vehicle and provide identification. All of the occupants of the vehicle were under the age of twenty-one. The officers noticed that Tonne had an odor of an alcoholic beverage on his breath, as well as red, watery eyes. One of the police officers testified that when Tonne exited from the vehicle, he was swaying.
Tonne was asked to perform field sobriety tests. He swayed from front to back, but performed the heel-to-toe and finger-to-nose tests adequately. Tonne was arrested for underage consumption of alcohol. One of the police officers testified that at that time Tonne was arrested on only the underage-consumption charge. The other police officer testified that at that point the officers decided to "take [Tonne] into the District for an A3 charge." Tonne, along with the other occupants of the Camaro, was transported to the police station. Tonne was asked to take a breath test. He took the test and was subsequently charged with driving with a prohibited concentration of alcohol, in violation of R.C. 4511.19(A) (3).
In State v. Deters (1998), 128 Ohio App.3d 329,714 N.E.2d 972, we stated:
 An arrest without a warrant is constitutionally valid if, at the moment the arrest is made, the arresting officer has probable cause to make it. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225-226; State v. Heston (1972), 29 Ohio St.2d 152, 280 N.E.2d 376, paragraph one of the syllabus, certiorari denied (1972), 409 U.S. 1038, 93 S.Ct. 534; State v. Timson (1974), 38 Ohio St.2d 122, 311 N.E.2d 16, paragraph one of the syllabus.
 The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense. State v. Heston, 29 Ohio St.2d at 155-56, 280 N.E.2d at 379, citing Beck v. Ohio, 379 U.S. at 91, 85 S.Ct. at 225; Huber v. O'Neill (1981), 66 Ohio St.2d 28, 419 N.E.2d 10; see, also, Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 1661. This is a question of law. The arresting officer's subjective belief or motivation in the detention of an individual is not material to the legality of the detention; the correct test is whether there was objective justification for the detention and arrest. State v. Robinette
(1997), 80 Ohio St.3d 234, 236, 685 N.E.2d 762, 765, relying on Whren v. United States
(1996), 517 U.S. 806, 116 S.Ct. 1769, 1774; Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091.
When the police officers stopped the Camaro, they noticed an odor of an alcoholic beverage coming from the car. Empty beer cans were scattered throughout the vehicle. Tonne had an odor of an alcoholic beverage on his breath, along with red, watery eyes. He swayed when getting out of the Camaro. Tonne also swayed from front to back while performing the field sobriety tests. Taken together, as a matter of law, these facts and circumstances provided a prudent police officer with probable cause to detain Tonne to administer a breath test. See Cincinnati v. Kromski
(1995), 102 Ohio App.3d 621, 657 N.E.2d 796. Because probable cause existed at the scene, the breath test conducted at the police station did not violate the Fourth Amendment. See State v.Deters, supra.
We reject Tonne's argument that an arrest for driving under the influence is a pre-requisite for the administration of a breath test pursuant to R.C. 4511.191, on the authority of Statev. Mapes (Dec. 21, 1988), Hamilton App. No. C-880089, unreported.
The assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and this Decision.
Judgment reversed and cause remanded.
Doan, P.J., Hildebrandt and Gorman, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.