The STATE of Ohio

v.

CARMICAL.

Hamilton County Municipal Court, Ohio.

No. C99TRC50589.

Decided May 24, 2000.

*Heather Wilkowski,* Assistant Hamilton County Prosecuting Attorney, for the state.

*Matthew Ernst,* for defendant.

ELIZABETH B. MATTINGLY, Judge.

This matter came on for decision on defendant's motion to suppress evidence and his appeal of his administrative license suspension, each motion being based on an alleged lack of probable cause to arrest.

On November 20, 1999, at approximately 1:20 a.m., Officer Michael Bray, a fourteen-year veteran of the Blue Ash Police force, encountered a single-car accident on eastbound Ronald Reagan Highway at Blue Ash Road in Hamilton County, Ohio. Defendant's Jaguar had apparently spun out on a wet road and come to rest backwards against an embankment. It was stuck in a ditch. The accident occurred on a marked, wet road, at night, when traffic was light. The officer acknowledged that it was a very nasty night but did not recall his cruiser slipping at all on the same road.

Defendant, Justin Carmical, admitted that he had been driving the vehicle in question, indicating that he had slipped on the wet road while driving a new car that was a little peppy and a little bit fast. The officer believed that this account was consistent with what he had observed at the scene of the accident. He also believed that defendant's vehicle had been going between thirty and forty mph on the exit ramp where he spun out. However, even in the wind and rain, he also observed an odor of alcohol about the defendant's person and that defendant was nervously chewing gum very, very rapidly throughout his contact with him. Officer Bray thought defendant might be trying to cover up the smell of alcohol. The officer testified that his own sense of smell is deficient; thus, if he can smell alcohol, the smell is usually characterized as strong and prominent by fellow officers. Moreover, when defendant was placed in the officer's vehicle, even Officer Bray detected a very prominent odor of alcohol. In addition, Officer Bray noted that defendant's eyes were watery and bloodshot and that he was extreme-ly flushed in the face. Nevertheless, the officer also noted that he could

understand defendant without difficulty and that defendant was extremely cooperative and obviously scared.

When Officer Bray asked defendant to perform field sobriety tests, answer questions about whether he had been drinking, or take the breathalyzer test, defendant declined to answer based on his attorney's advice. As to the latter, Officer Bray informed defendant of the consequences of refusal prior to his decision to refuse. Defendant's attorney was with him throughout his contact with Officer Bray.[1]

A second officer, Officer Rockel, arrived on the scene and also noted a flushed face and could smell the odor of alcohol on defendant from six to seven feet away. Officer Rockel noted that defendant stumbled as he was escorted back to the patrol car and that he swayed somewhat as he was standing still. Officer Bray did not see the stumbling that Officer Rockel observed but noted that his attention was diverted at times as he was talking with his sergeant about making arrangements to get a wrecker to the scene. Officer Bray also noted that the surface on which they were standing was a berm and, thus, uneven terrain.

The question posed is whether, at the moment of the arrest, the totality of the facts and circumstances known by Officer Bray was sufficient to warrant a prudent person's belief that defendant Carmical was guilty of driving under the influence.

The court notes that there are numerous cases in the appellate case law of Ohio concerning probable cause in relation to single-car accidents with similar facts. However, this court is bound to follow only those decisions rendered by the First District Court of Appeals and higher authority.

In the First Appellate District, the seminal case in this area is *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481. The court in *Taylor* held that no probable cause to arrest existed when there was nominal excess speeding coupled only with an odor of alcohol. In *Taylor*, the court specifically noted that, in that case, the odor was not characterized by such customary adjectives as "pervasive" or "strong." *Id.*, 3 Ohio App.3d at 198, 3 OBR at 225, 444 N.E.2d at 482.

In *State v. Strezeski* (July 30, 1986), Hamilton App. No. C–850809, unreported, 1986 WL 8409, a police officer came upon an accident scene in which an automobile had smashed into and broken a telephone pole. In *Strezeski*, police observed several empty beer cans strewn about the vehicle's interior but no one was in the car. One officer later located a person who admitted that he was the

---

1. Officer Bray never actually heard Attorney Matthew Ernst advise his client not to take the test.

driver of the vehicle in the accident. He observed a moderate odor of alcohol on Strezeski's breath and that he was mush-mouthed and belching.

Finding probable cause to arrest existed, the First Appellate District stated in *Strezeski* that the single-vehicle accident suggested erratic driving from which impairment could be inferred. Defendant's suspicious behavior of walking from the scene and the officer's observations were further corroborative evidence of intoxication.

Probable cause to arrest was also found in two cases decided by the First District Court of Appeals in 1995, *State v. McWilliams* (Mar. 1, 1995), Hamilton App. Nos. C–940378 and C–940379, unreported, 1995 WL 84084, and *Cincinnati v. Kromski* (Mar. 29, 1995), 102 Ohio App.3d 621, 657 N.E.2d 796. In *McWilliams,* the court noted with approval the following with regard to single-vehicle accidents and probable cause, quoting *Fairfield v. Regner* (1985), 23 Ohio App.3d 79, 84, 23 OBR 144, 148–149, 491 N.E.2d 333, 338:

" '[T]he weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was not observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence. See *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271 [61 O.O.2d 496, 291 N.E.2d 742]; *Mentor v. Giordano* (1967), 9 Ohio St.2d 140 [38 O.O.2d 366, 224 N.E.2d 343]; *Westlake v. Vilfroy* (1983), 11 Ohio App.3d 26 [11 OBR 39, 462 N.E.2d 1241].' " *Id.* at *2.

In *McWilliams,* defendant was in a traffic accident; she was observed to have watery eyes with slightly slurred speech and a moderate odor of alcohol. Also, defendant McWilliams admitted that she had consumed an alcoholic beverage prior to the accident. The appellate court found that "these facts and circumstances were sufficient to cause a prudent person to believe that [McWilliams] had been driving under the influence of alcohol." *Id.* at *2. Probable cause for arrest existed.

In *Kromski,* probable cause to arrest was found based on the fact that a vehicle driven by Kromski had struck several parked cars. Kromski told the police officer that he had lost control of his car while going around a curve. The officer believed that Kromski appeared nervous and had a strong odor of alcohol about him; Kromski acknowledged having had three to four beers earlier. No field sobriety tests were performed. In addition, there was evidence that the road was in terrible shape.

Finding probable cause to arrest, the court reiterated that the collision was direct evidence of erratic driving from which impairment can be inferred. Further, the odor of alcohol and admission of recent consumption of alcohol

constituted probable cause to detain Kromski to administer field sobriety tests. The refusal of tests by Kromski did not undermine the finding of probable cause. As the court noted, there is a low threshold for probable cause in cases involving warrantless arrests for driving-under-the-influence violations.[2]

The court acknowledges that the facts in this case are close: there was the strong odor of alcohol independently observed on defendant's person by two police officers; this was a single-car accident, which the First Appellate District has held on multiple occasions is evidence of erratic driving from which impairment can be inferred; the evidence showed that defendant apparently, at best, made an improvident judgment to drive a new[3] car fast on a wet, slick night; and defendant refused to submit to field sobriety tests and exhibited nervousness at the scene.[4] Given the decisions of the First Appellate District described previously, the court finds that these facts constituted probable cause for Officer Bray to arrest defendant Carmical for driving under the influence of alcohol in violation of R.C. 4511.19(A).

The court notes that unlike some of the defendants in the other cases cited, defendant did not make any statement concerning whether he had drunk alcohol on the night in question, presumably on the advice of his attorney. This fact or circumstance does not negate probable cause in this particular case in view of the credible testimony of two police officers, one with more than fourteen years' experience, that defendant had a strong odor of alcohol about his person.

Since the state had probable cause to arrest defendant Carmical, defendant's appeal of his administrative license suspension is also hereby denied.

*So ordered.*

---

2. *State v. Cloud* (Hamilton Cty. M.C.1991), 61 Ohio Misc.2d 87, 573 N.E.2d 1244, cited by defendant, is inapposite here in that it did not involve any evidence of impaired driving or a single-car accident.

3. While the Jaguar that defendant was driving was characterized as "new," the court notes that, as applied to cars, "new" can mean anything from one day in the possession of the owner to two years or more of ownership. There was no evidence as to when defendant first acquired the vehicle in question.

4. As noted by defendant, there was no testimony adduced at hearing that Officer Rockel's observations of defendant were communicated to Officer Bray prior to the arrest of defendant Carmical. Accordingly, except as they corroborate Officer Bray's testimony as to the strong odor of alcohol about defendant's person and his flushed face, the court is not basing its decision on Officer Rockel's testimony.