[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Gerald Schmidt, appeals the judgment of the Hamilton County Municipal Court convicting him of operating a motor vehicle with a prohibited alcohol concentration in his breath pursuant to R.C. 4511.19(B)(3). For the following reasons, we affirm the trial court's judgment.
On August 31, 1999, at 3:48 a.m., police officer Thomas Stanton arrived on the scene of a one-car accident. Stanton found Schmidt walking around the automobile, which had struck a utility pole. According to the officer, the automobile's engine was still warm, and Schmidt's nose was bleeding, apparently from the impact of the vehicle's air bag.
Officer Stanton noticed the smell of an alcoholic beverage about Schmidt's person, Schmidt's speech was slurred, and he had watery, bloodshot eyes. Schmidt had difficulty retrieving his driver's license and admitted to the officer that he had consumed "a couple vodkas" that night. The officer administered a series of field sobriety tests and then arrested Schmidt. An intoxilyzer test administered at 4:55 a.m. revealed that Schmidt had a concentration of .114 grams of alcohol per 210 liters of his breath.
Schmidt filed a motion to suppress, and a hearing was conducted before the trial court. The trial court found that the officer had not properly administered the field sobriety tests, but held that, even in the absence of those tests, the officer had probable cause to arrest Schmidt and to administer the intoxilyzer test. The court further held that the officer had properly administered the intoxilyzer test. It therefore overruled the motion to suppress, and Schmidt entered a no-contest plea to the charge.
In a single assignment of error, Schmidt contends that the trial court erred in overruling the motion to suppress. He first argues that the court erred in finding that probable cause had been established without the field sobriety tests. We disagree.
As the Supreme Court of Ohio has recently held, "probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more [field sobriety] tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where *** the test results must be excluded for lack of strict compliance."[1] This court has previously held that evidence of erratic driving, the smell of alcohol about the suspect's person, and the suspect's admission that he had recently consumed alcohol, are sufficient to establish probable cause.[2]
In the case at bar, the officer stated that Schmidt's car had left the roadway and struck a utility pole. Schmidt had an odor of alcohol about his person, his speech was slurred, he had watery, bloodshot eyes, and he admitted to having recently consumed alcohol. Under these circumstances, the trial court properly found that the officer possessed probable cause to arrest. Although Schmidt argues that his demeanor and behavior could be attributed, at least in part, to his having sustained injuries in the collision, we are not persuaded that the trial court's finding of probable cause was erroneous.
Schmidt next argues that the trial court erred in finding that the state had demonstrated compliance with Ohio Adm. Code 3701-53-01(A), which requires that records of intoxilyzer instrument checks, maintenance, and repair be retained for at least three years. We find no merit in this argument. As the state correctly notes, the issue of compliance with Ohio Adm. Code 3701-53-01(A) was not raised in Schmidt's written motion to suppress. Further, at the hearing on the motion, Schmidt did not raise the issue in response to the court's inquiry as to what matters were in dispute. Schmidt's failure to place the state on notice that the record-keeping practices were being challenged resulted in the waiver of that issue.[3] We accordingly hold that any error in the trial court's pronouncements concerning compliance was harmless.
Finally, Schmidt argues that the trial court erred in finding that the intoxilyzer test had been administered within two hours of his operating the vehicle, as required by R.C. 4511.19(D)(1). We disagree. Officer Stanton testified that he was dispatched to the scene at 3:39 a.m. and arrived there at 3:48 a.m. According to Stanton, the automobile was still warm when he arrived, and Schmidt's nose was still bleeding. Further, the officer testified that Schmidt was greatly agitated when he arrived on the scene, consistent with the accident having just occurred. These circumstances, coupled with the uncontradicted evidence that the intoxilyzer test was administered at 4:55 a.m. provided an ample basis for the trial court to conclude that the test had been given in compliance with R.C. 4511.19(D)(1). Therefore, Schmidt's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J. Hildebrandt and Painter, JJ.
[1] State v. Homan (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952,957, motion for reconsideration overruled (2000), 90 Ohio St.3d 1431,736 N.E.2d 27.
[2] Cincinnati v. Kromski (1995), 102 Ohio App.3d 621, 623,657 N.E.2d 796, 797-798.
[3] See State v. Parks (May 8, 1991), Hamilton App. Nos. C-900291 and C-900337, unreported.