This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Art Robertson, appeals from his conviction in the Cuyahoga Falls Municipal Court. We affirm.
On February 10, 2001, a complaint was issued against Mr. Robertson by Patrolman Frank Dimenna of the Tallmadge Police Department for possession of marijuana, in violation of R.C. 2925.11(C)(3). Trial was held on March 26, 2001, and the presiding magistrate found Mr. Robertson guilty of the charge. On April 3, 2001, Mr. Robertson filed a motion to suppress and objections to the magistrate's decision. An objection to the motion to suppress was filed by the prosecutor on April 5, 2001. On April 11, 2001, the court denied the motion to suppress, holding that the claim had been waived, and adopted the magistrate's decision. Mr. Robertson was sentenced accordingly. This appeal followed.
Mr. Robertson asserts one assignment of error:
 The trial court erred to the prejudice of the Defendant when it failed to consider any suppressible issues at trial based upon defense counsel's failure to file a suppression motion before trial.
Mr. Robertson avers that, based upon issues that surfaced at trial, the trial court abused its discretion by not permitting him to file a motion to suppress after the time limits prescribed by Crim.R. 12(C).[1] We disagree.
The decision as to whether to permit the untimely filing of a motion to suppress, under Crim.R. 12, will not be reversed on appeal absent a showing of an abuse of discretion. Akron v. Milewski (1985),21 Ohio App.3d 140, 142. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Regarding pretrial motions, Crim.R. 12(B) provides that a motion to suppress evidence is a motion which must be raised before trial. Further, Crim.R. 12(C) states, in pertinent part, that pretrial motions "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Additionally, Crim.R. 12(G) provides that the failure by a party to follow such rules "shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver." However, in order to obtain relief from the waiver of the right to object, the "good cause" required under Crim.R. 12 "must be such as to show that the defendant had a `good excuse' for sleeping on his rights in failing to file pre-trial motions." State v. Higgins (1976), 50 Ohio App.2d 389, 390.
In the instant case, Mr. Robertson filed an untimely motion to suppress with the trial court, following the magistrate's determination that he was guilty of the charge. Mr. Robertson, who did not present any record of the trial to the trial court, asserted that new evidence surfaced at trial which required the trial court to grant his motion to suppress. The court ruled that the motion had not been raised until after trial and, therefore, was not in compliance with Crim.R. 12(C). Additionally, as noted by the trial court, Mr. Robertson had failed to present the court with a record, statement in lieu of the record, or affidavit to support his position. Therefore, the court had no basis upon which to review Mr. Robertson's assertions and verify his version of the evidence presented at trial.
Accordingly, based on the foregoing, we cannot say that the trial court abused its discretion in denying Mr. Robertson's untimely motion to suppress. Mr. Robertson's assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., SLABY, J. CONCUR.
[1] This court will apply the version of Crim.R. 12 in effect at the time of the trial and the denial of the motion to suppress. Subsequent to these events, Crim.R. 12 was amended on July 1, 2001.