OPINION.
{¶ 1} Appellant, John Schultz ("Schultz"), appeals the judgment of the Mentor Municipal Court which denied his motion to suppress. We affirm.
 {¶ 2} On the night of January 27, 2002, Patrolman Walker of the Mentor Police Department followed Schultz eastbound on Route 20 near Great Lakes Mall. Schultz then turned south onto Garfield Road. Schultz then turned east on Route 84. Schultz then came to a construction zone at the intersection to Routes 84 and 615. Schultz, after stopping for a red light, proceeded through the intersection. The road on which appellant was driving was divided by orange construction barrels. When Schultz crossed the intersection he entered the westbound lane. After passing the construction barrels at the intersection, Schultz returned to the proper lane of travel. Patrolman Walker then initiated a traffic stop of Schultz's vehicle for a marked lane violation. Patrolman Walker testified that, other than the marked lane violation, he had observed no other traffic violations committed by Schultz in the approximately three miles he had been following him.
 {¶ 3} Upon speaking to Schultz, Patrolman Walker noticed a strong odor of alcohol. Schultz admitted to drinking two glasses of wine. Patrolman Walker asked Schultz to recite the alphabet. Patrolman Walker testified that Schultz got to the letter "U" then went back to the letter "G." Patrolman Walker testified that he asked Schultz to recite the alphabet, "[j]ust to kind of buy some time. I didn't really want him to get out the car until another car was with me."
 {¶ 4} Once back up arrived Patrolman Walker had Schultz exit the vehicle and perform the walk and turn test, the one-legged stand test, and the horizontal gaze nystagmus test. Based on Schultz's performance on these tests and the fact that Schultz admitted he had been drinking, Patrolman Walker arrested Schultz for driving under the influence.
 {¶ 5} Schultz moved to suppress the stop and arrest. The trial court denied Schultz's motion. The trial court found that the stop was supported by reasonable suspicion. The trial court also found that there was probable cause for the arrest, although the court, relying on Statev. Homan (2000), 89 Ohio St.3d 421, held that the officer failed to administer the field sobriety tests in strict compliance with National Highway Traffic Safety Administration ("NHTSA"), standards. Schultz subsequently pled no contest to the marked lane violation, driving under the influence, and driving with a prohibited breath alcohol content. The trial court sentenced Schultz to ninety days in jail with eight-five days suspended. Schultz was also fined $450. The trial court stayed Schultz's sentence pending this appeal.
 {¶ 6} Schultz raises one assignment of error:
 {¶ 7} "The trial court erred in overruling the [a]ppellant's motion to suppress in the within matter."
 {¶ 8} "When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. An appellate court must independently determine, without deferring to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard." (Internal citations omitted.) State v. Dwyer (Feb. 22, 2002), 11th Dist. No. 2001-L-075, 2002 Ohio App. LEXIS 774, 7.
 {¶ 9} Schultz first argues that Patrolman Walker lacked reasonable suspicion to justify the stop. We disagree.
 {¶ 10} We have held that a de minimis marked lane violation, without other evidence of impairment, is insufficient to justify a stop. Id. at 8, citing State v. Haley (Mar. 16, 2001), 11th Dist. No. 2000-P-0021, 2001 Ohio App. LEXIS 1242, 2. Here, the violation was more than de minimis; Schultz proceeded through an intersection on the wrong side of the road. There was more than reasonable suspicion to justify the stop; there was probable cause to believe Schultz had committed a marked lane violation.
 {¶ 11} Schultz also argues that Patrolman Walker lacked probable cause to arrest for driving under the influence. Probable cause for a warrantless arrest exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent individual in believing that the defendant has committed or was committing an offense.State v. Heston (1972), 29 Ohio St.2d 152, 155-156.
 {¶ 12} Schultz argues that because the officer did not perform the field sobriety tests in accordance with NHTSA standards the officer lacked probable cause to arrest. See State v. Homan (2000),89 Ohio St.3d 421. However, the trial court found that the field sobriety tests were invalid and consequently, did not rely on those test results in determining that probable cause existed.
 {¶ 13} The trial court found that the fact that Schultz proceeded through the intersection on the wrong side of the road, smelled strongly of alcohol, admitted to drinking, and failed to recite the alphabet properly, provided probable cause to arrest. We agree.
 {¶ 14} In State v. Deters (1998), 128 Ohio App.3d 329, the court stated:
 {¶ 15} "The historical facts demonstrate that Deters operated his watercraft in an erratic manner. The other facts of record, which were given credence by the trial judge, are that Deters had slurred speech, smelled of alcohol, and admitted to consuming four beers. Taken together, as a matter of law, these facts and circumstances alone provided a prudent officer with probable cause to arrest Deters for operating a watercraft while under the influence of alcohol." Id. at 334. See, also, Cincinnati v. Kromski (1995), 102 Ohio App.3d 621, 623, (evidence of erratic driving, odor of alcohol, and admission of recent consumption of alcohol provided probable cause to arrest).
 {¶ 16} In the instant case Patrolman Walker observed erratic driving and a strong odor of alcohol. Schultz admitted to drinking and was unable to recite the alphabet in spite of the fact that he is a college graduate. These facts provided probable cause for the arrest. Schultz's sole assignment of error is without merit.
 {¶ 17} For the foregoing reasons the judgment of the Mentor Municipal Court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.