OPINION *Page 2 
{¶ 1} Defendant-Appellant, Peter N. Eustis appeals his conviction for OVI entered by the Mount Vernon Municipal Court. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On October 8, 2007, at 9:42 a.m., Sergeant Cross of the Ohio State Highway Patrol stopped an automobile being operated by Appellant for a speeding violation. Appellant was subsequently charged with OVI and issued an administrative license suspension. Appellant filed a motion to suppress alleging the arresting officer did not have probable cause to arrest Appellant for OVI.
 {¶ 3} On December 18, 2007, the trial court conducted a hearing on the motion to suppress. At the hearing, Sgt. Cross testified relative to his investigation of the matter. When Sgt. Cross approached the vehicle, he noticed an odor of alcohol coming from the vehicle. There were four occupants in the vehicle, so Sgt. Cross asked Appellant to exit the vehicle so that Sgt. Cross could determine if Appellant had been drinking.
 {¶ 4} Sgt. Cross noticed a moderate odor of alcohol coming from Appellant. Appellant's face appeared flushed and he was chewing gum. Appellant told Sgt. Cross that he had been drinking the previous night. Sgt. Cross asked Appellant to perform field sobriety tests, but Appellant refused. The officer placed Appellant under arrest for driving under the influence in violation of R.C. 4511.19(A)(1)(a). Appellant was transported to the Knox County Sheriff's Office where Appellant submitted to a breath test on the BAC Datamaster at 10:50 a.m. Appellant tested at 0.130 grams of alcohol per 210 liters of breath. *Page 3 
 {¶ 5} By Judgment Entry on January 7, 2008, the trial court overruled the motion to suppress. Appellant subsequently entered a plea of no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(d). The charge under R.C. 4511.19(A)(1)(a) was dismissed. The trial court found Appellant guilty and sentenced Appellant accordingly.
 {¶ 6} Appellant now appeals and raises one Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WHEN IT FOUND THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLANT FOR OVI, IN VIOLATION OF OHIO REV. CODE § 4511.19(A)(1)(a) (A)(1)(d).
 I. {¶ 8} First, we note there are three methods of challenging on appeal a trial court's ruling on a motion to suppress.
 {¶ 9} First, an appellant may challenge the trial court's findings of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App. 3d 93, 641 N.E. 2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906. *Page 4 
 {¶ 10} Appellant argues in the present case the trial court incorrectly decided the ultimate or final issue raised in his motion to suppress. Accordingly, we assume the trial court's findings of fact are not against the manifest weight of the evidence and that it properly identified the law to be applied.
 {¶ 11} Appellant argues the police officer did not have probable cause to arrest Appellant for OVI. The legal standard for determining whether the police had probable cause to arrest an individual for OVI is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Adair, 5th Dist. No. CT2007-0035, 2007-Ohio-7176, at ¶ 16, citing, State v. Homan (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952; Beck v. Ohio (1964), 379 U.S. 89,91, 85 S.Ct. 223, 13 L.Ed.2d 142. The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. State v. Van Fossen (1984), 19 Ohio App.3d 281,484 N.E.2d 191. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. SeeState v. Miller (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703;State v. Brandenburg (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906.
 {¶ 12} Furthermore, when evaluating probable cause to arrest for OVI, "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered." Homan, supra, at 427. Probable cause to arrest may exist even without field sobriety tests results, if supported by such factors as: evidence that the defendant caused an automobile accident; a strong odor of *Page 5 
alcohol emanating from the defendant; an admission by the defendant that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking.Adair, supra, at ¶ 17, citing Oregon v. Szakovits (1972),32 Ohio St.2d 271, 291 N.E .2d 742; Fairfield v. Regner (1985), 23 Ohio App.3d 79, 84,491 N.E.2d 333; State v. Bernard (1985), 20 Ohio App.3d 375, 376,485 N.E.2d 783; Westlake v. Vilfroy (1983), 11 Ohio App.3d 26, 27,462 N.E.2d 1241.
 {¶ 13} Appellant contends Sgt. Cross's observations of indicia of alcohol consumption and the operation of a motor vehicle while under the influence of alcohol in this case did not give Sgt. Cross probable cause to arrest Appellant for OVI. Reviewing the totality of the facts and circumstances surrounding Appellant's arrest, we find Sgt. Cross had probable cause to believe Appellant was operating a motor vehicle under the influence of alcohol.
 {¶ 14} When Appellant rolled down the window of the vehicle upon Sgt. Cross's approach, the officer testified that he immediately noticed an odor of alcohol coming from the vehicle. (T. 6). Sgt. Cross asked Appellant to get out of the vehicle so that Sgt. Cross could determine who had been drinking. Id. As Sgt. Cross spoke to Appellant outside of the vehicle, Sgt. Cross made the following observations:
 {¶ 15} "A. His, his face was flushed. He was chewing gum, and I felt that he tried to maintain distance from me which is normally typical with people that have been drinking. They chew gum to conceal the odor, and try to maintain a distance, hoping that you don't detect the odor." (T. 7).
 {¶ 16} The officer testified that he smelled a moderate odor of an alcoholic beverage coming from Appellant. (T. 8). When asked, Appellant stated that he had *Page 6 
been drinking the previous night. Id. Sgt. Cross stopped Appellant for a speeding violation at 9:42 a.m. Id.
 {¶ 17} Based upon the totality of the facts and circumstances surrounding Appellant's arrest, we find the record supports the trial court's decision to overrule Appellant's motion to suppress because Sgt. Cross had probable cause to arrest Appellant based upon the officer's observations of indicia of alcohol consumption and the operation of a motor vehicle while under the influence of alcohol.
 {¶ 18} Appellant's sole Assignment of Error is overruled.
 {¶ 19} The judgment of the Mount Vernon Municipal Court is affirmed.
 Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is AFFIRMED. Costs assessed to appellant. *Page 1