[Cite as *State v. Blackburn*, 2016-Ohio-2674.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CLAY BLACKBURN | : | Case No. 15-CA-51 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                 Municipal Court, Case No. 15
                                 TRC03468

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                April 21, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAMAS D. TABOR                            KEVIN J. GALL
Assistant City Prosecutor                 Burkett & Sanderson, Inc.
City of Lancaster Law Director's Office    118 West Chestnut Street, Ste. B
123 East Chestnut Street                  Lancaster, Ohio 43130
P.O. Box 1008
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Defendant-appellant Clay Blackburn appeals his conviction and sentence from the Fairfield County Municipal Court on one count of operating a motor vehicle while under the influence of alcohol. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On April 7, 2015, appellant was cited for operating a motor vehicle while under the influence of alcohol/drug of abuse  in violation of R.C. 4511.191(A)(1)(a). At his arraignment on April 8, 2015, appellant entered a plea of not guilty.

{¶3}    On July 6, 2015, an additional citation was issued charging appellant with operating a motor vehicle with a prohibited blood alcohol concentration (.168) in violation of R.C. 4511.191(A)(1)(b). A written plea of not guilty was filed on July 23, 2015.

{¶4}    Appellant, on August 5, 2015, filed a Motion to Suppress, arguing that there was no probable cause to place him under arrest and to request that he provide a sample of his breath for chemical testing. A hearing on such motion was held on September 16, 2015. The following testimony was adduced at the hearing.

{¶5}    Ohio State Highway Patrol Trooper Kaitlin Fuller testified that on April 7, 2015, there were two vehicles in front of her and that she activated her emergency lights inside an apartment complex to signal the first vehicle to stop. Appellant, who was in the second vehicle, pulled over to the right side of the road. The Trooper, after stopping the first vehicle, told appellant to "go ahead and go around" and then approached the vehicle that she was stopping. Transcript at 4. Appellant then drove up and stopped next to Trooper Fuller and asked her if there was a problem. As she leaned in to speak with

appellant, she detected an odor of alcohol and told appellant to pull in front of the vehicle that she had just stopped. Appellant admitted to her to consuming alcohol that night.

{¶6} Ohio State Highway Patrol Trooper Chad McMunn testified that he was called to the scene by Trooper Fuller who wanted him to assist her. Once he arrived on the scene, the Trooper asked appellant to submit to field sobriety tests. When asked if he detected any signs of impairment, Trooper McMunn testified he detected the odor of alcohol, that appellant's speech was "slurred at times", and that appellant's eyes were bloodshot and red. Transcript at 8.

{¶7} According to Trooper McMunn, while conducting the horizontal gaze nystagmus test, he observed six out of six clues. Prior to such test, appellant had admitted drinking three beers. The Trooper then administered the walk and turn test and observed two out of eight clues. Appellant was unable to stand correctly while Trooper McMunn explained the instructions for such test and did not touch heel-to-toe on a few of his steps. When asked how appellant performed on the one leg stand, the Trooper testified that appellant exhibited one out of four total clues by swaying while performing the test.

{¶8} Trooper McMunn then had appellant tilt his head back and recite the alphabet starting with the letter C and ending with the letter Q. Appellant "did fine" on such test. Transcript at 14. After submitting to a portable breath test which yielded a result of .124, appellant was arrested for operating a vehicle while impaired.

{¶9} After the trial court overruled appellant's Motion to Suppress, finding that there was probable cause to arrest appellant, appellant, on September 30, 2015, entered a plea of no contest to operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a). The trial court found appellant guilty and sentenced him.

{¶10} Appellant now raises the following assignment of error on appeal:

{¶11} THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.

I

{¶12} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. We disagree.

{¶13} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist .1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶14} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486,

597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

{¶15}  As is stated above, appellant argues that there was no probable cause to arrest him for operating a motor vehicle while under the influence.

{¶16} A police officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings,* 5th Dist. Stark No.2005–CA–00295, 2006–Ohio–2431, ¶ 15, citing *State v. Heston,* 29 Ohio St.2d 152, 280 N.E.2d 376 (1972). In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See *State v. Miller,* 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997); *State v. Brandenburg,* 41 Ohio App.3d 109, 111, 534 N .E.2d 906 (2nd Dist.1987). A police officer does not have to observe poor driving performance in order to effectuate an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See *State v. Harrop,* 5th Dist. Muskingum No. CT2000–0026, unreported, 2001 WL 815538, (July 2, 2001), 2, citing *Atwell v. State,* 35 Ohio App.2d 221, 301 N.E.2d 709 (8th Dist.1973).

{¶17} Appellant argues, in part, that the trial court's findings of fact are against the manifest weight of the evidence. Appellant specifically takes issue with the court's findings that appellant exhibited two clues on the walk and turn test and one clue on the one leg stand test. Appellant notes, in part, that Trooper McMunn testified that he agreed that based on his performance on the one leg stand alone, appellant would not likely test over the legal limit.

{¶18} However, assuming, arguendo, that appellant is correct, we find that the trial court did not err in denying appellant's Motion to Suppress based on other factors. At the suppression hearing, testimony was adduced that appellant stopped his vehicle although he was not the subject of the traffic stop conducted by Trooper Fuller. After Trooper Fuller told appellant that he should go, appellant drove up and stopped next to her. Both Troopers testified that they noticed an odor of alcohol coming from appellant. When questioned about signs of impairment, Trooper McMunn testified that appellant's speech was slurred at times and that his eyes were red and glassy. Before the field sobriety tests were conducted, appellant admitted to drinking three Bud Lights. Appellant exhibited six out of six clues on the horizontal gaze nystagmus test. A portable breath test indicated that appellant's blood alcohol content was .124. which is more than the legal limit.

{¶19} Accordingly, the totality of the evidence, even excluding the results of the walk and turn test and one leg stand test, gave rise to probable cause to arrest for of operating a motor vehicle while under the influence of alcohol. As such, we find that the trial court did not err in determining that there was probable cause to support appellant's arrest for operating a motor vehicle while under the influence of alcohol.

{¶20} Appellant's sole assignment of error is, therefore, overruled.

{¶21} Accordingly, the judgment of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Hoffman, J. concur.