[Cite as *State v. Tipple*, 2017-Ohio-2774.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise J.<br>Hon. Earle E. Wise, J. |
| -vs- | |
| | Case No. 16 CA 33 |
| CAMERON TIPPLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Municipal Court,
                               Case No.  TRC 1601012A


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        May 11, 2017


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

TAMAS D. TABOR                  AARON CONRAD
ASSISTANT CITY PROSECUTOR       CONRAD WOOD LAW
136 West Main Street            120 East Main Street, Suite 200
Lancaster, Ohio  43130          Lancaster, Ohio  43130

*Wise, John, J.*

{¶1}  Appellant Cameron Tipple appeals his conviction and sentence entered in the Fairfield County Municipal Court on one count of OVI, in violation of R.C. §4511.19(A)(1)(a), following a plea of no contest.

{¶2}  Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}  On January 29, 2016, Appellant Cameron Tipple was stopped by a trooper for the state highway patrol in Fairfield County, Ohio, for making two turns without using a turn signal, first when turning from Columbus Ave. onto Sixth Street, and again when turning north from Sixth Street onto Memorial Drive. Appellant also committed a lane violation by failing to turn into the nearest lane of travel, instead pulling across a lane of traffic into the left-most lane on Memorial Drive.

{¶4}  Upon making contact with Appellant, the trooper observed an odor of alcohol coming from the vehicle and observed Appellant's eyes to be bloodshot and glassy. Appellant admitted to consuming alcohol, earlier in the evening.

{¶5}  The trooper conducted field sobriety tests on Appellant to determine whether Appellant was impaired by the alcohol he had consumed. The trooper did not conduct the HGN test in substantial compliance with the NHTSA manual and the results of the HGN test were later suppressed by stipulation of the parties. The trooper observed one clue during the Walk and Turn test, when Appellant stepped off the line twice while walking. The trooper observed one clue during the One Leg Stand test when Appellant swayed while balancing. Following the completion of the field sobriety tests, Appellant submitted to a portable breath test (PBT) with a result of 0.121.

**{¶6}** Subsequent to Appellant's completion of the field sobriety tests and PBT, Appellant was arrested for operating a motor vehicle while impaired in violation of R.C. §4511.19(A)(1)(a) and R.C. §4511.19(A)(1)(D), and was cited with a violation of R.C. §4511.39.

**{¶7}** On February 3, 2016, Appellant appeared with counsel and plead not guilty to all of the charges.

**{¶8}** On February 16, 2016, Appellant filed a motion to suppress evidence, arguing that there was not probable cause to support Appellant's arrest.

**{¶9}** On July 20, 2016, the parties jointly filed factual stipulations in lieu of holding an oral hearing regarding Appellant's motion to suppress.

**{¶10}** On August 16, 2016, the trial court denied Appellant's motion to suppress after reviewing the dashboard camera video of the stop and considering the parties' factual stipulations and supplemental briefs.

**{¶11}** On August 18, 2016, Appellant plead no contest to one count of R.C. §4511.19(A)(1)(a) and the State dismissed the balance of the charges against Appellant. Appellant was found guilty of the violation of R.C. §4511.19(A)(1)(a) and was sentenced by the trial court.

**{¶12}** Appellant now appeals to this Court, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶13}** "I. THE TRIAL COURT ERRED IN FINDING THERE WAS PROBABLE CAUSE TO ARREST DEFENDANT FOR A VIOLATION OF R.C. 4511.19(A)(1)(a).

**I.**

{¶14} In his sole Assignment of Error, Appellant argues the trial court erroneously denied his motion to suppress. We disagree.

{¶15} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibits the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶16} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. However, as the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶17} In the case *sub judice,* Appellant argues that the trial court erred in considering Appellant's performance on the field sobriety test or the results of the portable

breath test. Appellant contends that there was not probable cause to arrest him.

{¶18}  In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking,* Butler App. No. CA2002–12–303, 2004–Ohio–90, ¶ 8, citing *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.

{¶19}  While field sobriety tests must be administered in substantial compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered. *State v. Homan,* 89 Ohio St.3d 421, 732 N.E.2d 952 (2000), *superseded by statute on other grounds as stated in State v. Boczar,* 113 Ohio St.3d 148, 863 N.E.2d 155, 2007–Ohio–1251. In *Homan,* the facts which supported a finding of probable cause were: red and glassy eyes, breath which smelled of alcohol, erratic driving and an admission that the suspect had consumed alcohol.

{¶20}  Probable cause to arrest may exist, even without field sobriety tests results, if supported by such factors as: evidence that the defendant caused an automobile accident; a strong odor of alcohol emanating from the defendant; an admission by the defendant that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking. *Oregon v. Szakovits,* 32 Ohio St.2d 271, 291 N.E.2d 742 (1972); *Fairfield v. Regner,* 23 Ohio App.3d 79, 84, 491 N.E.2d 333 (12th Dist.1985); *State v. Bernard,* 20 Ohio App.3d 375, 376, 485 N.E.2d 783 (9th Dist.1985); *Westlake v. Vilfroy,* 11 Ohio App.3d 26, 27, 462 N.E.2d 1241 (8th Dist.1983); *State v. Judy,* 5th Dist. No. 2007–CAC–120069, 2008–Ohio–4520, ¶ 27.

**{¶21}** With regard to Appellant's performance where he demonstrated only one clue of impairment in each of the two properly administered field sobriety tests, we note that "satisfactory performance on some [sobriety tests] does not operate to negate the existence of probable cause," but, rather, "is merely one factor to consider in determining whether probable cause exists based upon the totality of the circumstances." *State v. Ousley,* 4th Dist. Ross No. 99CA2476, 1999 WL 769961 (Se3pt. 20, 1999). .

**{¶22}** We further do not find error in the trial court's consideration of the results of the portable breath test for purposes of determining whether probable cause existed to arrest in this case. This Court has previously found that such test results can be considered for purposes of establishing probable cause. *See State v. Lominack*, 5th Dist. Stark No. 2012-CA-00213, 2013-Ohio-2678, and *State v. Blackburn*, 5th Dist. Fairfield No. 15-CA-51, 2016-Ohio-2674.

**{¶23}** In the instant case, without consideration of the field sobriety tests, the probable cause to arrest Appellant for OVI was supported by the trooper's observation of Appellant's driving, Appellant's bloodshot and glassy eyes, odor of alcohol, admission that he had been drinking and the PBT result.

**{¶24}** Accordingly, we find that the totality of the evidence gave rise to probable cause to arrest for OVI. *Homan* at 427, 732 N.E.2d 952. As such, we find it was not error for the trial court to determine there was probable cause to support Appellant's arrest for OVI.

{¶25}  Appellant's sole Assignment of Error is overruled.

{¶26}  For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

By: Wise, John, J.

Delaney, P. J., and

Wise, Earle J., concur.

JWW/d 0425